EQUITABLE TRADING COMPANY, Respondent, v. WILLIAM J.
STONEMAN and WILLIAM H. STONEMAN, Appellants.

Third Department, March 10, 1909.

Sale — when contract severable — inability to complete contract — action
for the price of goods delivered.

Whether a contract for the purchase of goods is severable depends upon the
intention of the parties, which must be determined in each case by a considera-
tion of the language and subject-matter of the contract.

Where a jobber, by letter, offered to sell to a retail dealer a special lot of varnish,
and on request submitted prices, cash terms, six per cent, ten days, F. O. B.,
N. Y., and suggested that, as the goods were going fast, buyer should place
as large an order as possible, and the order was given for quantities of differ-
ent kinds of varnish at a price per gallon, and seller shipped only a part of the
varnish, and in the letter said " we will ship the balance of your order in a few
days," the contract is severable. The seller's inability to fill the balance of
the order because the corporation, upon whose account the varnish was sold,
could supply no more, is no bar to a recovery for the price of the varnish
shipped.

APPEAL by the defendants, William J. Stoneman and another,
from a judgment of the County Court of Albany county in favor of
the plaintiff, entered in the office of the clerk of said county on the
13th day of October, 1908, upon an order of said County Court
bearing date the 6th day of July, 1908, and entered in said clerk's
office, affirming a judgment of the City Court of Albany, with notice
of an intention to bring up for review upon such appeal the said
order of July 6, 1908.

Frost, Daring & Warner [J. S. Frost of counsel], for the
appellants.

Walter E. Ward, for the respondent.

COCHRANE, J.:

Plaintiff recovered a judgment for the purchase price of varnish
sold and delivered to defendants. The defense is that the contract
of purchase was an entire one and not severable, and that the plaintiff
failed to deliver the full amount purchased.

The order was for one hundred and twenty gallons Supremis var-

nish at two dollars and fifty cents per gallon; twelve gallons of Navalite at four dollars per gallon, and twelve gallons of Architectural Coach at two dollars per gallon, less discount. The delivery was of twenty-one gallons of Supremis and twelve gallons of Navalite and plaintiff has recovered for the quantity so delivered.

Before considering the facts it may be well to have in mind the legal principles applicable to the question of a divisibility of a contract. In Parsons on Contracts (Vol. 2 [8th ed.], p. 634) it is said: " No precise rule can be given by which this question in a given case may be settled. Like most other questions of construction it depends upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract. If the part to be performed by one party consists of several distinct and separate items and the price to be paid by the other is apportioned to each item to be performed or is left to be implied by law such a contract will generally be held to be severable. And the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed although the latter is in its nature single and entire."

In Clark on Contracts (2d ed. p. 453) it is said: " The question of divisibility is difficult, and this difficulty has resulted in a direct conflict in the decisions. The question is one of construction. ' The contract may be entire or severable, according to the circumstances of each particular case,' it has been said in speaking of contracts of sale, ' and the criterion is to be found in the question whether the whole quantity — all the things as a whole — is of the essence of the contract. If it appear that the purpose was to take the whole or none, then the contract would be entire; otherwise it would be severable. * * * " on the whole, the weight of opinion and the more reasonable rule would seem to be that, where there is a purchase of different articles, at different prices, at the same time, the contract would be severable as to each article, unless the taking of the whole was rendered essential either by the nature of the subject-matter or by the act of the parties." This rule makes the interpretation of the contract depend on the intention of the parties as manifested by their acts, and by the circumstances of each particular case.' "

Let us now consider the facts in the light of the foregoing prin-

ciples. Defendants are retail dealers in Albany. Plaintiff is a jobber in New York. All the negotiations were by letter. On November 20, 1907, plaintiff wrote the defendants saying they were able to offer the Chicago Varnish Company's varnishes at less than the usual cost owing to the discontinuance of the house furnishing department of one of the department stores which plaintiff represented, and concluding: " Let us hear from you what items of the Chicago Varnish Company's products you want *as the goods are going fast.*" Defendants answered that they could give an order if the prices were right and asking for plaintiff's best offer. To this on November twenty-second plaintiff wrote saying: " We have your favor of Nov. 21st, in which you inquire our confidential price on the Chicago Varnish Co.'s products. (Then follow prices.) Our cash terms are 6 per cent, ten days, F. O. B. New York. *Inasmuch as these goods are selling fast with us, and as our supply is for the time being only,* we suggest that you place an order for as large a quantity as possible, as this opportunity may not occur again." November twenty-third defendants replied: " Enclosed please find our order No. 6368 *as per your letter of Nov. 22d.* In our last letter we asked you to advise us what other lines you carry and will be pleased to hear further from you." The above italics are mine. The order in question was inclosed in the letter of November twenty-third, specifying as above stated three separate kinds of varnish with the price per gallon for each different kind and concluded with the words: " As per your letter Nov. 22 / 07." The letters and order, therefore, constitute the contract. Plaintiff acknowledged receipt of the order and sent a part only of the varnish so ordered which is the subject of this action and said in its letter: " We will ship the balance of your order in a few days." The letter inclosed an invoice of the goods shipped, which invoice stated: " Terms, 6 per cent, 10 days, F. O. B. N. Y." All of the letters and the invoice had on them the words in capital letters " Strictly Confidential." Defendants acknowledged receipt of the last letter and invoice and said: " Payment will be made on your invoices within ten days from the date of last shipment completing this order." November twenty-ninth plaintiff replied to this saying that such payment would not be satisfactory as it might be a week or so before they could complete the order and continu-

ing as follows: "In view of the fact that our quotation to you is considerably less than the Mfr's price, you can readily understand that our quotation is for cash within ten days from the date of invoice, and that we shall expect a remittance for the bill we have already rendered within ten days from the date thereof." One of the defendants as a witness says he replied to that letter and produced his reply which made no protest whatever to plaintiff's insistence on payment for the part already delivered. It acknowledged receipt of the goods and complained that several cans were leaking and had been carelessly packed. On December thirteenth plaintiff wrote asking for check as "the time covered by the cash discount has expired," and saying: "We have already remitted to our clients for the shipment and considering the low price at which the goods were sold you, we trust you will favor us with a prompt remittance." Defendants thereupon replied insisting upon the shipment of the remaining varnish, and two or three days later plaintiff wrote that it had just been informed that the concern in Kansas City on whose account the goods were sold was unable to supply any more.

I am of the opinion that applying the legal principles above set forth the contract was severable. The goods ordered had no reference to each other nor did they have any reference to any particular or common object to which they were to be devoted. But they were ordered by defendants for the purpose of selling to different customers. It was not a condition of the purchase that they should be delivered together nor was there a word said as to when they should be delivered. The law will probably imply delivery within a reasonable time. But it was strictly proper for plaintiff to deliver different parts of the varnish at different times and the contract expressly said: "Terms, 6 per cent, 10 days, F. O. B. N. Y." Hence it would seem that if plaintiff saw fit to make deliveries at different times the corresponding payments would fall due at different times and defendants might under their contract be called upon to pay for part before they received the whole. Furthermore here was a limited supply. Plaintiff could not go out in the market and furnish these brands of varnish. They were buying the product of the Chicago Varnish Company, the supply of which was limited and defendants understood that the goods were fast disappearing and that they might not be able to have their order filled because

the supply was for "the time being only," and the goods were "selling fast." I think, therefore, they gave their order subject to the condition that plaintiff might not be able to entirely fill it. Again, there was no contract until plaintiff accepted defendants' order, which was done by letter inclosing invoice for the goods simultaneously shipped, which invoice stated in effect that payment of the part so shipped was to be made in ten days independently of those which were to follow.

Under the principles quoted from the text books above each case must be determined with reference to its particular facts and it is a question of intention. In *Ming* v. *Corbin* (142 N. Y. 341) it was said on this question : "If the intention of the parties was not clear it was proper to submit the question to the jury." Defendants rely with confidence on *Baker* v. *Higgins* (21 N. Y. 397), but in that case there was nothing but the order itself and the negotiations and correspondence reflecting light on the intention of the parties were not in evidence as here. That case was decided by a closely divided court, and is I think distinguishable. If, as all the authorities seem to agree, it is a question of intention, then I think such intention in this case was fairly a question of fact and the two courts below having decided that the parties did not intend an entire and indivisible contract their conclusion should not be disturbed.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.