Emanuel L. Rosing and ano., Appellants, *v.* Parkside
Mills, Inc., Respondent.

(Supreme Court, Appellate Term, First Department, June, 1921.)

Sales — goods to be manufactured — delivery in installments —
whether contract divisible question for jury — Personal
Property Law, §§ 125(3), 126(2), 156.

> Where upon a sale of seventy-five pieces of goods to be manu-
> factured the purchaser accepts delivery of fifty-nine pieces and
> rejects the remainder as defective and returns them to the seller
> who accepts such return and issues its credit memoranda there-
> for, the dismissal of the complaint in an action to recover dam-
> ages alleged to have been sustained by reason of the seller's
> refusal to replace the defective pieces at the contract price, is
> error for which the judgment entered upon the dismissal of the
> complaint will be reversed and a new trial granted.
>
> Under the Personal Property Law (§§ 125(3), 126(2) and
> 156) a jury would have the right to determine whether the con-
> tract was divisible and to fix the damages sustained by reason
> of the delivery of the defective goods.

Appeal from a judgment of the City Court of the
city of New York, dismissing the complaint at the end
of the plaintiffs' case.

Gordon, Tally & Gordon (Reuben Tally and David
Kraus, of counsel), for appellants.

Kleiner, Britwitz & Nadel (Lewis Nadel and
Joseph Kleiner, of counsel), for respondent.

Delehanty, J.   Plaintiffs are engaged in the manu-
facture of suits and coats and the defendant in the
manufacture of woolen cloth.   On April 30, 1919, the
former placed a written order with defendant for
seventy-five pieces of its silvertone cloth, each piece to
average fifty-five yards, at the agreed price of three

dollars and thirty-seven and one-half cents per yard. The goods were to be delivered in installments during the months of May, June, July and August.

As a matter of fact they were delivered from time to time up to and including December, 1919. The goods delivered in June and July conformed to the contract and were accepted and made into garments by plaintiffs. One of the pieces delivered in August was defective and was returned to the defendant. Thereafter other pieces were found defective and also returned. Of the seventy-five pieces contracted for, fifty-nine were accepted and made into garments, and sixteen were rejected as defective and returned to the defendant. This action was instituted to recover damages sustained by the plaintiffs by reason of the defendant's refusal to replace the sixteen defective pieces at the contract price. The court below dismissed the complaint at the close of plaintiffs' case with this statement: " The common law that the purchaser of merchandise may not reject part of a shipment of merchandise and accept the remainder has not been changed. This is still the law, notwithstanding Sections 125 and 156 of the Personal Property Law. The purchaser must either accept or reject all. Such has always been the law and has only recently been followed in the case of *Portfolio* v. *Rubin,* 110 Misc. Rep. 303. Motion to dismiss the complaint must therefore be granted."

Since the trial of the action the *Portfolio* case referred to by the learned court below has been reversed by the Appellate Division of this department (*Portfolio* v. *Rubin,* 196 App. Div. 316), whether upon this particular point is immaterial. A review of the authorities discloses that under the circumstances presented, it was error to grant the motion to dismiss. The defendant accepted the return of the

40

sixteen pieces of goods in question and issued its credit memoranda therefor. There is no evidence that it claimed the right to have all the seventy-five pieces accepted or rejected.

In the *Portfolio Case, supra,* the Appellate Division pointed out at page 304 that, " Prior to the enactment of the Personal Property Law it was the rule of the common law as administered in this jurisdiction that where a single contract of sale was divisible, as where it embraced different kinds or grades of goods at specified prices for each, the goods of one kind or grade might be accepted and others rejected by the buyer, in the absence of evidence that the prices were fixed with reference to the entire quantity. *Pierson* v. *Crooks,* 42 Hun, 571; affirmed, 115 N. Y. 539; 22 N. E. 349; 12 Am. St. Rep. 831. But there was no definite rule by which it could be readily decided whether a single contract was or was not thus divisible, and it was held that it depended on the intention of the parties, and often became a question of fact. *Clark* v. *West,* 137 App. Div. 23; 122 N. Y. Supp. 380; affirmed, 201 N. Y. 569; *Equitable Trading Co.* v. *Stoneman,* 131 App. Div. 376. See, also, *Shinn* v. *Bodine,* 60 Penn. 182; 100 Am. Dec. 560."

The right of defendant to replace the rejected goods was never questioned. On the contrary plaintiff sought delivery thereof. Furthermore the case is not to be regarded as falling within the rules that are applied when but one shipment of goods is made. Here the deliveries were to extend over a period of months and payments were to be made for each installment according to deliveries. There is no evidence from which it can be inferred that the agreement of the parties contemplated that the plaintiffs must accept all or reject all and under the facts presented a jury might reasonably infer quite the contrary. There was ample

evidence requiring the submission of the case to the jury under the rules of the common law, and it seems that under the provisions of the Personal Property Law, section 156, section 126, subdivision 2, and section 125, subdivision 3, a jury would have the right to determine whether or not the contract was divisible, and to fix the damages sustained by reason of the delivery of the defective goods referred to in this case. Appellant urges certain defects in the pleading. The matter was not referred to in the court below, and the issue was tried as presented. It is too late too raise the point for the first time on appeal, as has been frequently decided in this court. Judgment reversed and new trial granted, with costs to appellants to abide the event.

BIJUR and FINCH, JJ., concur. .

Judgment reversed and new trial granted, with costs to appellants to abide event.