MADISON COSTUME CO., INC., Respondent, *v.* CALVIN N. GOLDBERG, Appellant.

First Department, December 16, 1921.

Sales — construction — action to recover contract price for eleven pieces of georgette — acceptance of seven and rejection of four pieces due to inferiority to samples — common-law rule respecting acceptance and rejection of goods is not modified by Personal Property Law, §§ 125 and 156 — word " description," as used in Personal Property Law, § 125, subd. 3, implies difference of kind not merely of quality.

In an action to recover the contract price for eleven pieces of georgette it appeared that the defendant accepted seven pieces of the cloth and rejected four pieces as not conforming to the samples upon which the defendant claimed the contract was based and notified the plaintiff to that effect, and that the defendant tendered the rejected goods to the plaintiff which refused to accept them. Upon the trial the defendant claimed an election to rescind on account of a breach of warranty and an actual tender of the goods back to the plaintiff. The case was submitted to the jury upon the sole question as to whether or not there had been an arrangement between the parties to rescind as to the four pieces, and it found for the plaintiff for the full amount claimed.

*Held,* that the verdict was not contrary to the evidence as to the question submitted;

That subdivision 3 of section 125 and section 156 of the Personal Property Law do not modify or change the common-law rule that in the absence of a special agreement or peculiar circumstances, the acceptance of a part of an entire shipment implies an acceptance of the whole;

That the word " description," as used in section 125, subdivision 3, of the Personal Property Law, implies a difference of kind, not merely of quality, and denotes the kind of goods contracted for, and that the right of partial rejection conferred upon the buyer applies only to cases where goods of the kind contracted for are mixed with goods of a different kind, and not to cases where all the goods are of the kind contracted for, but some are not of such good quality as the seller was bound to supply.

APPEAL by the defendant, Calvin N. Goldberg, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of December, 1920, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff.

*Eugene L. Bondy* of counsel [*Mortimer Hays* with him on the brief], for the appellant.

*Isidore Lowenbraun* of counsel, for the respondent.

GREENBAUM, J.:

The complaint was an oral one, as follows: " On or about the 25th day of November, 1919, plaintiff, a domestic corporation, sold and delivered to the defendant certain goods, wares and merchandise at the agreed price and reasonable value of $1,439.96; that no part thereof has been paid, except that the defendant is entitled to a credit of the sum of $766.45 for goods sold and delivered by the plaintiff to the defendant, leaving a balance due and owing to plaintiff of $673.51, no part of which has been paid, although duly demanded."

The answer of the defendant was a "general denial, payment, breach of contract and rescission, tender $80.83, which is herewith deposited in Court."

The action was tried on the 31st day of March, 1920. There is no dispute between the parties that they entered into an agreement whereby plaintiff was to sell to the defendant and the latter to buy of the plaintiff eleven pieces of georgette at the price of one dollar and ninety cents per yard. There is a dispute, however, between them as to what their agreement was. Plaintiff's president, Mondle, testified that he showed

defendant fifteen or twenty pieces of georgette which were not of uniform quality, from which the latter then and there selected eleven pieces, several of them being of quality inferior to the rest; that the goods were packed in the presence of defendant and taken forthwith to defendant's place of business by one of plaintiff's employees, accompanied by defendant. The employee corroborated Mondle's statement that he delivered the goods at defendant's place of business and that defendant went there with him.

Defendant's version of what took place was, that he was shown sample pieces of georgette which were of two different grades, one inferior to the other, and that he selected the superior grade and was told that eleven pieces of goods like samples selected by defendant would be delivered. He denied that the goods were packed up in his presence and taken to his place of business by plaintiff's employee, accompanied by himself. Defendant further testified that he left the city over the Thanksgiving holiday, and that when he returned, on the following Monday, he examined the goods which had meanwhile been delivered, and found that four of the eleven pieces were not of the quality ordered, and that he thereupon immediately notified the plaintiff of such fact and tendered back the four pieces, which plaintiff declined to accept.

Mondle testified that he refused to accept the return of a portion of the goods sold, but that he told defendant that if he thought he had made a poor purchase, he might return all of the goods, saying, " I will take the entire business back; I will take the entire assortment or nothing back."

During the course of the trial the court asked the defendant's attorney: " Now, as a matter of pleading, do you claim there was an express rescission or just the right to rescind on the part of your client which he exercised; or do you claim the other side acquiesced in the rescission? Defendant's attorney: No, we don't claim they acquiesced. We claim an election to rescind on account of a breach of warranty; we claim an actual tender of the goods back. The Court: How many pieces? Defendant's attorney: Four. The Court: Of course, that is not in accordance with the rule of law. Defendant's attorney: Yes, under the present sales act that is specifically

allowed." The court then said that the defendant's answer might be amended so as to set up a counterclaim, the defendant to " retain the four pieces and get the difference in value."

After some further discussion, defendant's attorney said: " I move to amend by adding in addition to what there is already there the following: Breach of warranty as to part of the merchandise, rescission and tender. The Court: By breach of warranty you don't intend to set up a counterclaim? Defendant's attorney: No sir, a rejection and offer to return the merchandise complained of, and notice of rescission, the consent of the plaintiff to the *pro tanto* rescission. The Court: I won't permit any evidence to be given under that if that is all you are going to allege — you have to allege an agreement or no agreement. Defendant's attorney: An express agreement for the *pro tanto* rescission. The Court: An express agreement? Defendant's attorney: I make that amendment with a mental reservation." The court thereupon granted the amendment.

In its charge the court submitted to the jury the sole question whether or not there had been an agreement between the parties to rescind as to the four pieces.

Defendant's attorney requested the court to " instruct the jury that if they find the four pieces were defective, were of a different quality than that which was ordered, that Mr. Goldberg, the defendant, had a right to rescind the contract as to those four pieces, if done timely." The court thereupon said: " I refuse to charge other than I have charged, with exception to you." There was no request made by either party that the court submit to the jury the question of what the agreement of sale was or any other disputed question of fact. The jury found in favor of the plaintiff for the full amount claimed. Defendant's attorney thereupon moved to set aside the verdict and for a new trial on the usual grounds. The motion was denied and the defendant excepted.

The verdict was not contrary to the evidence as to the question which was submitted to the jury. We must, however, assume on this appeal that the contract of sale was as testified to by defendant, and that the four pieces of merchandise tendered back by defendant were not of the same grade or quality as the remaining seven pieces.

It is evident that the learned trial justice accepted as the

law of the case the determination of the Appellate Term, by a divided court, Mr. Justice BIJUR writing for the majority in *Portfolio* v. *Rubin* (110 Misc. Rep. 304) handed down in February, 1920, about a month before the trial. It was there held in a well-reasoned opinion that the rule of the common law, that in the absence of a special agreement or peculiar circumstances, the acceptance of a part of an entire shipment implies an acceptance of the whole, was not changed by sections 125 and 156 of the Personal Property Law (as added by Laws of 1911, chap. 571). In March, 1921, this court, by a divided vote, reversed the Appellate Term, Mr. Justice LAUGHLIN writing (196 App. Div. 316), not upon the question of law, whether the common-law rule above mentioned had been changed by the Personal Property Law, but upon the special facts in that case. In Mr. Justice LAUGHLIN's opinion in the case, considerable attention was given to the meaning of sections 125 and 156 of the Personal Property Law, indicating that it was his view that these sections did not change the common-law rule.

The interpretation of subdivision 3 of section 125 and of section 156 is now squarely before us. We have reached the conclusion that those sections did not modify or change the common law. In view of the satisfactory discussion of the question by Mr. Justice BIJUR, supplemented by Mr. Justice LAUGHLIN's opinion, we shall merely call attention to an English decision upon a state of facts identical with those here appearing. Section 30, subdivision 3, of the English Sale of Goods Act, 1893 (56 & 57 Vict. chap. 71), is in the precise words of section 125, subdivision 3, of our Personal Property Law, to wit: " (3.) Where the seller delivers to the buyer the goods he contracted to sell mixed with goods of a different description not included in the contract, the buyer may accept the goods which are in accordance with the contract and reject the rest, or he may reject the whole."

In *Aitken, Campbell & Co., Ltd.,* v. *Bouellen & Gatenby* (1908 S. C. 490) the appellate court unanimously held that the case did not fall within the provisions of the statute. Lord Low in his opinion said: " I am of opinion that this is not a case to which sec. 30 (3) of the Sale of Goods Act, 1893, applies. That enactment deals with the case of a seller delivering to a buyer ' the goods he contracted to sell

mixed with goods of a different description not included in the contract.' I think that the word ' description ' is there plainly used to denote the kind of goods contracted for, and that the right of partial rejection conferred upon the buyer applies only to cases where goods of the kind contracted for are mixed with goods of a different kind, and not to cases where all the goods are of the kind contracted for, but part of them is not of such good quality as the seller was bound to supply. Here the goods contracted for were ' maroon twills,' and the goods delivered were ' maroon twills,' but 64 out of 133 pieces were not of such good quality as the samples which formed the basis of the contract. I am accordingly of opinion that the pursuers were not entitled to reject the 64 pieces and to retain the remaining 69   *   *   *."

Lord ARDWALL adds: " In the present case what was sold was maroon twills equal to samples sent, and it is proved that 64 of the 133 pieces sent were not equal to sample in respect that they were more ' tender,' as it is called, than the samples. *   *   *   I am of opinion that the whole of the goods sent in fulfillment of the order were goods of the same ' description,' namely maroon twills, and that the conformity or disconformity to sample fell to be determined by the varying degrees of strength on the one hand and softness or ' tenderness ' on the other.   *   *   *   I am of opinion that the word ' description ' implies a difference of kind, not merely of quality.   *   *   *"

Instead of " twills," we here have a sale of " georgette." The rejected pieces of georgette differed from the remaining acceptable seven pieces, to use the language of defendant, in " that this [referring to one of the seven pieces] is much better quality and heavier goods, and this [referring to one of the four rejected pieces] is very thin and very flat." We are thus dealing with a rejection of goods not " of a different description not included in the contract," but of the same description as those ordered, which were inferior in quality or grade to the samples upon which the defendant claimed the contract was based.

It follows that the determination must be affirmed, with costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Determination affirmed, with costs.