JOANNES BROTHERS COMPANY, Respondent, *v.* ARTHUR H. LAMBORN and Others, Copartners Doing Business under the Firm Name and Style of LAMBORN & COMPANY, Appellants.

First Department, January 13, 1922.

Contracts — rescission — complaint for rescission of contract between defendants and third party from which plaintiff had purchased goods does not state cause of action — plaintiff must be party or privy to contract to maintain suit for rescission — rescission by purchaser must be of entire contract where breach is in quality of goods.

A complaint that sets forth in substance that W. F. Childs & Co. agreed to sell and deliver to the plaintiff 5,000 bags of sugar; that said company for the purpose, among other things, of performing its contract with the plaintiff bought of the defendants 18,200 bags of sugar; that thereafter, by direction of said company, the defendants shipped to the plaintiff 5,000 bags of sugar; that the plaintiff upon examining the sugar found it not to be of the quality ordered and thereupon rescinded its contract with said company, offered to return the sugar and demanded the refund of the purchase price; that said company gave due notice of said rescission and demand to the defendants, together with a notice that it would hold them responsible for any damage caused it on account of the sugar and that said company had assigned to the plaintiff all its interest in the 5,000 bags of sugar and any cause of action which it had or might have against the defendants on account thereof, does not state a cause of action for rescission, as the contract between the defendants and the Childs Company was entire and not divisible and there is no allegation appropriate to the rescission of the entire contract, and furthermore the plaintiff was neither party nor privy to it.

A plaintiff must be a party or privy to a contract to entitle him to maintain a suit in equity for its rescission.

*It seems*, that if a breach of a contract on the part of a seller is only in the quality of part of the goods contracted for, the buyer must, if he rescinds at all, rescind the entire contract.

APPEAL by the defendants, Arthur H. Lamborn and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of July, 1921, overruling defendants' demurrer to the complaint and granting plaintiff's motion for judgment on the pleadings with leave to defendants to withdraw the demurrer and serve an answer.

*Van Doren, Conklin, McNevin & McClenthen* [*Louis O. Van Doren* of counsel], for the appellants.

*Davies, Auerbach & Cornell* [*George T. Hogg* of counsel; *John F. Martin* with him on the brief], for the respondent.

PAGE, J.:

The facts alleged in the complaint are as follows:    On February 12, 1920, W. F. Childs & Co., Limited (hereinafter referred to as the Childs Company) duly agreed to sell and deliver to the plaintiff 5,000 bags of " fine granulated sugar " at fifteen and one-half cents per pound, free on board, at the refinery at Philadelphia, Penn., or New York, N. Y., delivery to be completed on receipt of goods by carrier, payment to be made by taking up sight drafts with bills of lading attached with exchange and interest, if any.    For the purpose, among other things, of performing the contract with the plaintiff, the Childs Company on February 14, 1920, bought from the defendants 18,200 bags of " fine granulated sugar " at fifteen cents per pound, free on board, at the refinery, at Philadelphia, Penn., or New York, N. Y., payment to be made by taking up sight drafts with bills of lading attached, together with collection charges and interest, if any.    Thereafter, by direction of the Childs Company, and about August 6 and 9, 1920, the defendants shipped to Green Bay, Wis., 5,000 bags of sugar, which they represented to be fine granulated sugar, and thereafter had their invoices therefor, with bills of lading and sight drafts attached, at the price of fifteen cents per pound, presented to the Childs Company at Chicago, Ill., and received in payment therefor $75,000.    Upon the payment of said drafts the Childs Company received the bills of lading for the 5,000 bags of sugar, and attached them to their own invoices and drafts, and presented them to plaintiff at Green Bay, Wis., and represented to the plaintiff that said sugar was " fine granulated sugar " and received from plaintiff $77,616.15, including exchange on said drafts.    Thereafter the plaintiff sold some of said sugar in its original packages, and the same was returned on the ground that it was not fine granulated sugar.    Thereupon plaintiff examined the same and found that it was not fine granulated sugar or merchantable as such, but was of different color and granulation and of

inferior quality and cheaper grade. On discovery of these facts, the plaintiff rescinded its contract with the Childs Company, offered to return the sugar to the Childs Company, and demanded the repayment of the purchase price. The Childs Company gave due notice of said rescission and demand to the defendants, together with a notice that it would hold them responsible for any loss occasioned to the Childs Company on account of said sugar. The complaint then further alleges " that the plaintiff does hereby again rescind its purchase of said 5,000 bags of sugar from said Childs Company and hereby again offers to return the same and hereby again demands repayment of the amounts paid by it for and on account of said sugar as hereinbefore set forth; that said Childs Company, by the plaintiff, does hereby again notify the defendants, that the plaintiff has duly rescinded the purchase of said 5,000 bags of sugar and offered to return the same, and demanded re-payment of its outlays on account thereof (aggregating the sum of $80,330.73); that said Childs Company, by the plaintiff, hereby again offers to return said 5,000 bags of sugar to the defendants and demands the repayment of the $75,000 which it paid to them therefor, together with the outlays by plaintiff on account of said sugar for freight and storage and insurance." The complaint further alleges the bringing of an action in the Superior Court of Cook county, Ill., against the Childs Company for a rescission of the purchase of the 5,000 bags of sugar and the discontinuance thereof in consideration of the assignment by the Childs Company to the plaintiff of all its right, title and interest in and to the 5,000 bags of sugar, and any cause of action which it had or might have against the defendant on account thereof.

There is no allegation in the complaint of a rescission of the contract between the Childs Company and the defendants by the Childs Company, except through the plaintiff, and then only as to 5,000 bags out of the total of 18,200. There is no allegation that the remaining 13,200 were not of the quality specified, nor that the contract was unexecuted in regard to the 13,200 bags, nor any allegation appropriate to the rescission of the entire contract; nor is there any allegation that the contract was subsequently modified, or that the contract had been assigned, the complaint stating that the

right, title and interest in and to the 5,000 bags, and any cause of action on account thereof, was assigned by the Childs Company to the plaintiff.

The case presented is by a corporation not a party nor privy to the original contract, seeking a rescission of a part of a contract between third parties. It is well settled that the plaintiff must be a party or privy to a contract to entitle him to maintain a suit in equity for its cancellation or rescission. (*Insurance Co. of Penn.* v. *Park & Pollard Co.*, 190 App. Div. 388, 393, and cases cited, affd., 229 N. Y. 631.)

The contract between defendants and the Childs Company was entire and not a divisible contract. " The entirety of the contract is not destroyed by the circumstance that the subject of the sale is of such uniform character as to be wholly divisible proportionately, by weight or measure, or is contained in packages of uniform quality and value, even with the added circumstance that the consideration is named only by way of fixing the rate or price of the unit of such division   *   *   *. The entirety may be broken by the concurrent act of both parties, so that a partial rescission may be effected. Thus when a part only of the goods have been delivered, upon a contract like the present, and one party refuses to complete it by delivering or accepting the remainder, the other party may then elect to treat such refusal as a repudiation or rescission of the unfulfilled part of the contract. If the seller refuses to deliver, the purchaser may recover back any excess of purchase money that has been paid by him, beyond the price of what has been delivered   *   *   *. But if the breach of the contract on the part of the seller is only in the quality, the other party cannot convert that into a rescission, but must, if he intends to rescind at all, rescind in *toto.*" (*Mansfield* v. *Trigg*, 113 Mass. 350, 353.) This is a very good statement of the common law which obtains in this jurisdiction. (See *Portfolio* v. *Rubin*, 196 App. Div. 316, 318.) We have recently decided that section 125, subdivision 3, and section 156 of the Personal Property Law (as added by Laws of 1911, chap. 571) did not change the common law in this regard. (*Madison Costume Co., Inc.*, v. *Goldberg*, 198 App. Div. 895.)

The only possible action that the Childs Company could have against the defendants would be an action for damages,

and that was what was contemplated by the notice that the Childs Company sent to the defendants, when it received notice of plaintiff's intended rescission. That cause of action, however, has not accrued as yet, and hence did not pass under the assignment to plaintiff.

There are several grounds of demurrer stated, none of which are well grounded except that the complaint does not state facts sufficient to constitute a cause of action.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and under the authority of section 1569 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, the demurrer will be sustained and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, demurrer sustained and complaint dismissed, with costs.