SAMUEL KALNITZKY and Others, Copartners Doing Business under the Name of KALNITZKY BROS. & OPPENHEIM, Respondents, v. ABRAHAM GOLDEN and Another, Doing Business under the Trade Name of A. GOLDEN & Co., Appellants.

First Department, April 6, 1923.

**Equity** — action to declare loan made by defendants usurious and void and to cancel deed and bill of sale given by third person as security for loan — plaintiffs were not parties to conveyances and cannot have them canceled — contract does not appear on face to be usurious — failure to allege facts showing usury makes pleading defective — equity action not maintainable in absence of allegation that remedy at law is inadequate.

In an action to declare usurious and void a loan made by defendants to plaintiffs and to cancel a deed and bill of sale, it appeared that an agreement was made between the parties whereby the defendants were to pay the plaintiffs $6,000 and the plaintiffs were to have a third person execute the deed and bill of sale in question as security, and that the plaintiffs would purchase the property so transferred at the end of a year for $8,550, at which time the defendants would surrender to the plaintiffs their business which the defendants were to conduct in the name of a corporation.

*Held*, that the plaintiffs cannot maintain this suit in equity to cancel the deed and bill of sale, since they are not parties to the conveyances;

That the contract does not appear to be usurious on its face and the failure to allege that there was an agreement to use the contract as a cloak for a usurious loan makes the complaint defective;

That the failure of the plaintiff to allege that his remedy at law is inadequate likewise makes it impossible for him to maintain this action in equity.

APPEAL by the defendants, Abraham Golden and another, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 18th day of September, 1922, denying their motion for judgment on the pleadings.

*David Haar* of counsel [*Catharine C. Fries* with him on the brief], for the appellants.

*Morse S. Hirsch,* for the respondents.

FINCH, J.:

This action was brought to declare usurious and void a loan made by defendants to plaintiffs, and to cancel a deed and bill of sale which the plaintiffs caused to be delivered to the defendants as security therefor. The complaint also prays that a temporary injunction issue against enforcing the loan until the final determination of the action.

It appears from the pleadings that a petition in bankruptcy was filed against the plaintiffs, and a settlement negotiated. In order to effectuate this settlement, plaintiffs had to raise some cash. To this end the parties entered into an agreement in writing, whereby, in consideration of mutual promises and other consideration, the defendants were to pay the plaintiffs $6,000; the plaintiffs were to cause a third party to execute instruments transferring certain property to the defendants; the defendants were to organize a corporation with themselves as principal stockholders, to conduct the business formerly conducted by the plaintiffs, employing the plaintiffs for that purpose; the plaintiffs to purchase the property transferred to defendants, at the end of a year, for $8,550; in the meantime the corporation to lease from the defendants the said property transferred; upon the fulfillment of these agreements, the defendants were to transfer to the plaintiffs the shares of stock of the corporation held by them.

Since it appears that the plaintiffs are not parties to the conveyances in question, they cannot maintain a suit in equity for its return. This right lies in one Charles Oppenheim, who conveyed the property. (*Joannes Brothers Co.* v. *Lamborn,* 199 App. Div. 588; *Insurance Co. of Pennsylvania* v. *Park & Pollard Co.,* 190 id. 388; affd., 229 N. Y. 631.)

Moreover, the contract, which the plaintiff alleges to be usurious, appears on its face to be a legitimate business transaction and not a simple loan of money. The pleader does not allege that there was an agreement to use this contract as a cloak for the usurious loan; and for failure to allege the facts constituting such agreement the pleading is defective. (*Von Haus* v. *Soule,* 146 App. Div. 731; *Myers* v. *Wheeler,* 24 id. 327; affd., 161 N. Y. 637.) In addition the plaintiff does not allege facts showing that his remedy at law is inadequate which is necessary in the case at bar in order that his right in equity may arise.

It follows that the order appealed from should be reversed,

with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, SMITH, PAGE and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.