KELLER TAILORS TRIMMINGS Co., INC., Appellant, *v.* BURKE RUGBY, INC., Respondent.

Judgment appealed from affirmed.

DORE, J. (dissenting). The trial court held that whether plaintiff, the buyer, gave notice to defendant, the seller, of the breach of warranty within a reasonable time, was the main issue in the case. The evidence on that issue was conflicting;

the buyer claimed that it gave prompt notice in November, 1946; the seller claimed there was no claim of defect in quality until May, 1947. But while the evidence was conflicting on the question of the timeliness of the notice, it is undisputed on this record that the goods were seriously defective and not as warranted. An examination of the goods by a mutual adjustment bureau established without question the extensive defects and the breach of warranty of fitness made at the time of the sale. Furthermore, the evidence established, also without contradiction, that after the claim of defects was made, the manufacturer who had sold the goods to defendant, seller, in the presence of the seller and with the seller's acquiesence, offered to replace the defective goods with other goods. Accordingly, the seller consented to that offer and thereby waived any claim of lack of timely notice of the defect (*Bartlett Mfg. Co.* v. *Glickman,* 191 N. Y. S. 321 [App. Term, 1st Dept., LEHMAN, J.]; *Portfolio* v. *Rubin,* 196 App. Div. 316, affd. 233 N. Y. 439).

In view of the established and conceded defects in the merchandise and the buyer's testimony as to when the claim was made, the buyer's proof of the timeliness of the notice, was established. But irrespective of that disputed fact, the subsequent dealings with the subject matter of the action, with defendant's knowledge and consent, constituted waiver of the objection that notice was not given on time and an admission of defendant's material breach of contract.

Accordingly, I dissent and vote to reverse the judgment appealed from in defendant's (the seller's) favor and to grant judgment in plaintiff's (the buyer's) favor for the damages sustained.

Peck, P. J., Callahan, Breitel and Bergan, JJ., concur in decision; Dore, J., dissents and votes to reverse in opinion.

Judgment affirmed, with costs.