■ EQUESTRIAN ASSOCIATES, Respondent, v ELLA FREIDUS et al., Appellants, et al., Defendant. [595 NYS2d 984] —In an action, *inter alia,* to compel the sale of real property, the defendants Ella Freidus, Ivory Land, Inc., and Ivory Ranch, Inc. appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 3, 1991, which denied their motion to dismiss the complaint and granted the plaintiff's motion for a preliminary injunction directing them to pay real estate taxes on the property.

Ordered that the order is modified, by (1) deleting the provision thereof which granted the motion of Equestrian Associates for a preliminary injunction and by substituting therefor a provision denying the motion and vacating the injunction, (2) deleting the provision thereof which denied the defendants' motion to change the venue of the action from Nassau County to Suffolk County and by substituting therefor a provision granting the motion, and directing the Clerk of

the Supreme Court, Nassau County, to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in the action and certified copies of all minutes and entries *(see,* CPLR 511 [d])* and (3) *sua sponte,* consolidating this action with the prior action pending in Suffolk County, entitled *Freidus v Sardelli* (Index No. 15058/89); as so modified, the order is affirmed, without costs or disbursements.

This action and two related actions *(see, Freidus v Sardelli,* 192 AD2d 578 [decided herewith])* arose from a joint venture agreement entered into by Hugh Timms and Ella Freidus, through her corporations Ivory Ranch, Inc. and Ivory Land, Inc. (hereinafter collectively referred to as Ivory) for the purchase and resale of two parcels of real property in Suffolk County. When the venture nominee, Joseph J. Sardelli, refused to sell one of the venture properties to her, Freidus commenced an action against Sardelli and Timms in the Supreme Court, Suffolk County, *inter alia,* for specific performance of an alleged contract of sale and a declaration of the parties' rights under the venture agreement. When Sardelli learned that Freidus had secretly contracted to sell the property to a third party at a substantial profit, he commenced a separate action on behalf of the joint venture, *inter alia,* to reform the contract to substitute the joint venture as the seller. After Ivory defaulted in its mortgage obligations to him, Timms, using the name of his business, Equestrian Associates, commenced the third action in the Supreme Court, Nassau County, *inter alia,* to compel a public sale of the property and to compel Freidus and Ivory to pay the outstanding real estate taxes on the property. The parties have appealed from five separate orders rendered in these actions *(see, Freidus v Sardelli,* 192 AD2d 578 [decided herewith]).

In this action, the Supreme Court, Nassau County, issued a preliminary injunction directing Freidus and Ivory to pay the outstanding real estate taxes on the subject property and to maintain the timely payment of taxes during the pendency of the action. This was error. The agreement provided that Equestrian Associates and Sardelli would be compensated from the venture profits for any payments made upon Ivory's default in its contractual obligations. Thus, Equestrian Associates had an adequate remedy at law *(see, Shapiro v Shorenstein,* 157 AD2d 833; *Di Stefano v PSFB Assocs.,* 103 AD2d 839; *Haulage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863). Moreover, the plaintiff failed to meet the criteria for the granting of a preliminary injunction *(see,* CPLR 6301; *Byrne Compressed Air Equip. Co. v Sperdini,* 123

AD2d 368; 67 NY Jur 2d, Injunctions, § 72). The preliminary injunction is therefore vacated.

We agree with that part of the order of the Supreme Court which denied a motion by Freidus and Ivory to dismiss the complaint because an action for specific performance was pending in Suffolk County, inasmuch as that action (see, *Freidus v Sardelli, supra*) was not "another action pending * * * for the same cause of action" (CPLR 3211 [a] [4]). While all of the claims generally arose from the venture agreement, the claims asserted in this action allege new violations of the agreement and seek different remedies (see, *Kent Dev. Co. v Liccione*, 37 NY2d 899). The defendants' alternate ground for dismissal was that the named plaintiff, "Equestrian Associates", being an assumed business name of Timms, has no capacity to maintain an action independently of its owner (see, *Anastasiou v Fulton St. Pub*, 133 AD2d 796; *Provosty v Hall Hosp.*, 91 AD2d 658, 659, *affd* 59 NY2d 812; *Little Shoppe Around the Corner v Carl*, 80 Misc 2d 717). Since Timms was clearly identified in the complaint as the plaintiff, the use of his assumed business name in the caption did not warrant dismissal of the action.

However, we conclude that Nassau County was not the proper place of venue because, among other things, Timms and Sardelli were residents of Suffolk County and the property which is the subject of the litigation is located there. The defendant's motion to change venue is therefore granted and the action is removed to Suffolk County (see, CPLR 510) and, *sua sponte*, consolidated with *Freidus v Sardelli* (Index No. 15058/89) (see, CPLR 602; *MediaAmerica, Inc. v Rudnick*, 156 AD2d 174).

The parties' remaining contentions are without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.