■ ELLA FREIDUS et al., Respondents, v JOSEPH J. SARDELLI et al., Appellants. (Action No. 1.) JOSEPH J. SARDELLI, Appellant, v JACOB FREIDUS et al., Respondents. (Action No. 2.) [595 NYS2d 981] —In two related actions, *inter alia,* for specific performance and reformation of alleged contracts for the sale of real property and a declaration of the rights of the parties to a joint venture agreement, (1) Joseph J. Sardelli and Hugh Timms appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 25, 1990, as granted the motion of the defendants in Action No. 2 to dismiss the complaint, granted Ella Freidus's motion in Action No. 1 for partial summary judgment dismissing all counterclaims against her, denied Joseph J. Sardelli's motion for attorneys' fees and dismissed his counterclaim for attorney's fees in Action No. 1 and his fifth cause of action for attorneys' fees in Action No. 2, and (2) Joseph J. Sardelli appeals from three orders of the same court, all dated September 4, 1991, which, respectively, (i) denied his motion to renew his motion for partial summary judgment dismissing the complaint in Action No. 1, (ii) denied his motion to cancel the notice of pendency filed in Action No. 1, and (iii) denied his motion to disqualify the defendant Edmund J. Burns as counsel for the defendant G.L. Associates in Action No. 2 and granted Edmund J. Burns's cross motion for sanctions.

Ordered that the order dated April 25, 1990, is modified, on the law, (1) by deleting the provision thereof which denied Joseph J. Sardelli's counterclaim for attorneys' fees in Action No. 1 and substituting therefor a provision granting the counterclaim to the extent of declaring that Joseph J. Sardelli is entitled to attorneys' fees in Action No. 1, (2) by deleting the provision thereof which granted Ella Freidus's motion in Action No. 1 for partial summary judgment dismissing all counterclaims as asserted against her, and substituting therefor a provision denying the motion, (3) by deleting the provi-

sion thereof which granted the plaintiffs' motion in Action No. 1 for partial summary judgment dismissing Joseph J. Sardelli's counterclaim for attorneys' fees, and by substituting therefor a provision denying the motion, and (4) by deleting the provision thereof which dismissed the fifth cause of action, which was for attorneys' fees, in Action No. 2, and substituting therefor a provision granting summary judgment to Joseph J. Sardelli on that cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to be held at the conclusion of Action No. 2 to determine the amount of attorneys' fees to which Joseph J. Sardelli is entitled for both Action No. 1 and Action No. 2; and it is further,

Ordered that the order dated September 4, 1991, which denied Joseph J. Sardelli's motion in Action No. 1 to renew his motion for partial summary judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 4, 1991, which denied Joseph J. Sardelli's motion in Action No. 1 to cancel the notice of pendency is reversed, on the law, without costs or disbursements, and the motion is granted; and it is further,

Ordered that the order dated September 4, 1991, which, *inter alia,* denied Joseph J. Sardelli's motion to disqualify the defendant Edmund J. Burns as counsel for defendant G.L. Associates is affirmed, without costs or disbursements.

These actions arose from a joint venture agreement entered into by Hugh Timms and Ella Freidus, through her corporations Ivory Ranch, Inc. and Ivory Land, Inc. (hereinafter collectively referred to as Ivory) for the purchase and resale of two parcels of real property in Suffolk County. When the venture nominee, Joseph J. Sardelli, refused to sell one of the venture properties to her, Freidus commenced an action against Sardelli and Timms in the Supreme Court, Suffolk County (Action No. 1), *inter alia,* for specific performance of an alleged contract of sale and a declaration of the parties' rights under the venture agreement. When Sardelli learned that Freidus had secretly contracted to sell the property to a third party at a substantial profit, he commenced a separate action (Action No. 2) on behalf of the joint venture, *inter alia,* to reform the contract to substitute the joint venture as the seller. After Ivory defaulted in its mortgage obligations to him, Timms, using the name of his business, Equestrian Associates, commenced the third action in the Supreme Court, Nassau County, *inter alia,* to compel a public sale of the

property and to compel Freidus and Ivory to pay the outstanding real estate taxes on the property. The parties have appealed from five separate orders rendered in these actions *(see, Equestrian Assocs. v Freidus,* 192 AD2d 572 [decided herewith]).

We find no error in the dismissal by the Supreme Court, Suffolk County of the complaint in Action No. 2 on the ground of lack of standing since the joint venture was not a party or privy to the contracts it seeks to reform, rescind, or have performed *(see, Palmer v Gould,* 144 NY 671; *Kalnitzky v Golden,* 205 App Div 45; *Matter of Grossman v Herkimer County Indus. Dev. Agency,* 60 AD2d 172). We find, however, that the venture agreement required the joint venturers to indemnify the nominee for the legal fees he incurred in bringing that action and in defending Action No. 1. The denial of his application for attorneys' fees in Action No. 2 and the dismissal of counterclaim of Joseph J. Sardelli for attorneys' fees in Action No. 1 are therefore reversed.

The Supreme Court also erred in dismissing the counterclaims in Action No. 1 as against Freidus in her individual capacity. Because she signed the joint venture agreement both in her corporate capacity and individually *(see, Salzman Sign Co. v Beck,* 10 NY2d 63; *Dulik v Amante,* 173 AD2d 674; *Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765), and exercised exclusive dominion and control over the corporations *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223; *McDonagh Real Estate & Dev. v Kwilecki,* 158 AD2d 372), Freidus could be held personally liable for the contractual obligations assumed by her corporations *(see, Mencher v Weiss,* 306 NY 1). Those counterclaims are therefore reinstated.

We agree with Sardelli's contention that he was entitled to cancellation of the notice of pendency filed by Freidus in Action No. 1. That complaint alleged only one cause of action, for specific performance, which warranted a notice of pendency. Once the cause of action for specific performance was discontinued, the notice of pendency was subject to mandatory cancellation *(see,* CPLR 6514 [a]), since any judgment rendered upon the remaining causes of action and counterclaims would not directly "affect title to, or the possession, use or enjoyment of, real property" (CPLR 6501; *see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313) but only the parties' rights to the venture profits *(see, Lunney & Crocco v Wolfe,* 180 AD2d 472; *McKernan v Doniger,* 161 AD2d 1159). Therefore, the order denying Sardelli's motion to cancel the notice of pendency must be reversed and the motion granted.

The parties' remaining contentions are without merit.

Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.