*668 OPINION OF THE COURT
Kevin J. Kerrigan, J.
The question presented on this motion and cross motion, one of apparent first impression, is whether a no-fault health care provider who never filed an assumed name certificate with the Secretary of State has the legal authority, as a matter of standing, to bill an insurer for no-fault services rendered under that assumed name. For the reasons stated below, this court answers that question in the negative.
The “no-fault” law was enacted in 1973 for the purpose of removing the majority of claims arising from motor vehicle accidents from the sphere of common-law tort litigation, and establishing a quick, sure and efficient system for obtaining compensation for economic loss suffered as a result of such accidents (see, L 1973, ch 13; Governor’s Mem approving L 1973, ch 13, 1973 NY Legis Ann, at 298; Montgomery v Daniels, 38 NY2d 41, 46-51; see also, Perkins v Merchants Mut. Ins. Co., 41 NY2d 394, 396). Insurance Law § 5106 (a) sets forth a quick and efficient mechanism for claimants to obtain compensation for their economic loss by requiring insurers to pay claims within 30 days of submission of proof that the claimant had been involved in a motor vehicle accident and the amount of the loss sustained. Failure to pay a claim within that 30-day period precludes the insurer from denying the claim (see, 11 NYCRR 65.15 [g] [3] [i]), unless the insurer timely requests verification of the claim (see, 11 NYCRR 65.15 [d] [1]), or the denial is based upon a lack of coverage (i.e., where no contractual relationship exists between the claimant and the insurer).
In this case, there is no dispute that plaintiff provider submitted its bills to defendant, and that defendant neither paid nor denied the claims within 30 days of submission.* The untimely denials were based upon the ground that the bills were submitted under the provider’s name of “Park Health Center,” an assumed name used by Jamil M. Abraham, M.D., P. C., which had not been filed with the Secretary of State at the time of the denials. Similar denials were issued for “J.M. Abraham, M.D., P. C. d/b/a Park Health Center,” and “Dr. Sami Nathan, M.D. d/b/a Park Health Center.”
Based upon these untimely denials, plaintiff moves for summary judgment, asserting that the denials are invalid because *669 there is no statutory predicate for the denials, and that the claims must be paid. Defendant cross moves for summary judgment in its favor. It is noted that defendant pleaded the issue of an invalid assumed name as an affirmative defense.
Jamil Abraham filed a business certificate under the name “Park Health Center” with the Queens County Clerk on June 1, 1979. On June 14, 1979, he formed a professional corporation known as Jamil M. Abraham, P. C. The professional corporation, unlike Abraham personally, is regulated by article 15 of the Business Corporation Law, as well as all of the other applicable provisions of the Business Corporation Law (see, Business Corporation Law § 1513). Among the relevant provisions of the Business Corporation Law to which professional corporations are bound is section 202 (b), which states “[n]o corporation shall do business in New York state under any name, other than that appearing in its certificate of incorporation, without compliance with the filing provisions of section one hundred thirty of the general business law governing the conduct of business under an assumed name.”
Section 130 (1) (b) of the General Business Law requires a corporation to file a certificate of assumed name with the Secretary of State, which must include its principal place of business. It was not until March 1998 that the entity Jamil M. Abraham, M.D., P. C., filed an assumed name certificate with the Secretary of State under the assumed name of “Park Health Center.” Since all of the medical services were rendered to Paul Gaywood, the assignor of the claim, in 1997, prior to the filing of the assumed name certificate for Jamil M. Abraham, M.D., P. C., the entity “Park Health Center” had no authority or standing to bill the insurer for those services rendered under that assumed name.
Notwithstanding that the Insurance Law and no-fault regulations are silent as to the issue of a provider’s standing to bill for services, this court holds that it is proper to look to the statutes noted above to determine whether an entity has the authority or standing to bill for reimbursement under the no-fault law (see, Opn of NY State Ins Dept. Jan. 11, 2000). This issue is fundamental in nature, and should not depend upon whether an insurer has been precluded from asserting a defense (see, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195), or failed to raise this issue as an affirmative defense.
In any event, plaintiff has failed to cite any cases, in the area of no-fault law, in support of its position as to standing. *670 The case of Equestrian Assocs. v Freidus (192 AD2d 572), which plaintiff cites, holds that a plaintiff has the capacity to bring an action under an assumed business name where the business owner is clearly identified in the complaint as the owner. This is not the issue in our case, however. Furthermore, that case was not a “no-fault” case. In fact, no other reported cases have been found that deal squarely with the issue presented here.
Accordingly, upon the foregoing, plaintiff’s motion for summary judgment is denied, defendant’s cross motion for summary judgment is granted, and the complaint is dismissed.

 Verification of the claims was timely requested and received, but is not important for resolution of the issue presented here.