WILLIAM PRATZ & others *vs.* E. L. FISHER & COMPANY, Incorporated.

Bristol.    October 23, 1922. — January 31, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Sale. Contract,* Performance and breach, Repudiation. *Damages,* For breach of contract. *Practice, Civil,* Variance.

At the trial of an action to recover the contract price of a carload of hay alleged to have been sold and delivered to the defendant, there was evidence that the defendant in Watuppa had ordered from the plaintiff a carload of a certain grade of Kentucky blue grass; that the plaintiff had caused to be shipped by rail a carload of hay to Watuppa to fill the order consigned to the shipper with directions to notify the plaintiff; that the bill of lading and a draft were sent to a Fall River bank; that the bill of lading contained directions to "allow inspection" and that the hay should not be delivered until payment of the draft and the surrender of the bill properly indorsed; that the freight agent at Watuppa was directed by the plaintiff in substance to notify the defendant upon arrival of the car and to deliver the hay to it upon surrender of the bill of lading and payment of all freight charges; that when the car arrived at Watuppa the defendant's president without notifying the railroad company opened the car and took away for inspection one bale of hay; that he found the hay not to be as ordered and directed it thrown into bedding for horses; that on the following day the defendant notified the plaintiff that the hay had been examined and found unsatisfactory; that the defendant refused to take the remaining hay and refused to pay the draft. *Held,* that

(1) The defendant had a right to an instruction in substance that the contract could be repudiated by the defendant at any time before delivery of the hay by the plaintiff; and that the plaintiff thereupon could not recover the contract price unless it equalled or was less than the damages that resulted to the plaintiff from the refusal of the defendant to take and pay for the hay at the place of delivery;

(2) The wrongful removal of the bale of hay from the car at its destination

without intent to accept the entire shipment in performance of the contract obligated the defendant to pay its value in an action of contract or tort; and did not as a matter of law operate to transfer the title to it or to the hay remaining in the car before the payment of the draft.

A charge by the judge to the jury at the trial of the above described action that "What the defendant asks you to find is, that the plaintiff if entitled to recover at all is only entitled to recover against him for the one bale of hay, plus the damages which the plaintiff sustained by reason of his not taking the rest of it, and that is good law, but it is based upon a finding on your part that the hay was not what it was represented as being, and for which reason the defendant repudiated his contract," was held a material variance from a ruling requested by the defendant and which should have been given in substance, that "If plaintiffs were to deliver hay at Fall River, pay freight and allow examination, on defendant's refusal to accept, the plaintiffs cannot recover the contract price."

CONTRACT for $190, with interest thereon, upon an account annexed for hay alleged to have been sold and delivered to the defendant. Writ in the Second District Court of Bristol in the city of Fall River dated June 2, 1914.

The action was tried upon appeal in the Superior Court before *White*, J. Material evidence, instructions to the jury and exceptions by the defendant are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $250; and the defendant alleged exceptions.

The case was submitted on briefs.

*L. E. Wood & I. Brayton*, for the defendant.

*C. L. Baker, E. A. Thurston & A. E. Seagrave*, for the plaintiffs.

PIERCE, J. This is an action of contract to recover the price of a carload of hay alleged to have been sold and delivered by the plaintiffs to the defendant.

The facts disclosed by the evidence show that a carload of hay was shipped from Waterloo, New York, over the New York Central and Hudson River Railroad and the New York, New Haven and Hartford Railroad to Watuppa, Massachusetts, by the Allen Milling Company on behalf of the plaintiff, "consigned to order of Allen Milling Co."; with directions to notify the plaintiff, "Pratz, Kime, & Pratz," with the indorsement "Allow inspection Allen Milling Co. Shipper," and with a clause which reads: "The surrender of this Original Order Bill of Lading, properly indorsed, shall be required before the delivery of the property." The order bill of lading was indorsed "Allen Milling Co. Pratz-Kime-Pratz. Please deliver documents attached only on pay-

ment of draft." A draft was attached to the order bill of lading, and it was sent to Fall River through a bank. On October 30, 1913, the plaintiffs wrote a letter to the freight agent at Watuppa, in substance directing him on the arrival of the car of hay to notify the defendant company and deliver the hay to it upon surrender of the bill of lading and payment of all charges.

The car with the hay arrived at the station on October 30, 1913. On the arrival of the hay, the defendant's president, with a horse and wagon went to the car, opened the door, entered, and took out one bale of hay for inspection without notifying the railroad. He testified the hay was taken to his barn and was there found on examination to be over ripe and not to be Kentucky blue grass. By his direction the hay was thrown into the bedding for the horses. On the following day the defendant company wired the plaintiffs: "Have inspected car Hay and find number dark colored bales. We don't consider it good enough for our purpose . . ." The defendant never saw the hay in the car after the afternoon when the bale of hay was removed; it refused to take the hay and refused to pay the draft. The defendant's president testified that "it might not have been the custom to take out a bale for inspection, but he did take one out; that he presumed that plaintiffs expected him to inspect at the car door; that that is the ordinary way and that he could not explain why he did n't."

At the close of the evidence in the case material to the issue raised in the bill of exceptions, hereinbefore succinctly stated, the defendant requested the trial judge to instruct the jury that "If plaintiffs were to deliver hay at Fall River, pay freight and allow examination, on defendant's refusal to accept, the plaintiffs cannot recover the contract price." The presiding judge refused to instruct the jury as requested, and charged in respect thereto as follows: "What the defendant asks you to find is, that the plaintiff if entitled to recover at all is only entitled to recover against him for the one bale of hay, plus the damages which the plaintiff sustained by reason of his not taking the rest of it, and that is good law, but it is based upon a finding on your part that the hay was not what it was represented as being, and for which reason the defendant repudiated his contract." The judge, in reference to the contention of the plaintiffs that the defendant accepted the hay by taking some of it from the car, charged the jury as follows:

"Now it depends on what you find to be the truth about it. That is the thing you are searching for, and when you have found what the truth is about this you will decide whether there was a delivery of the whole so that the plaintiff is entitled to the whole amount of this bill, or whether there never was any delivery of it, that is, in the sense of the actual possession of the hay by the defendant, in which case you would follow the suggestion of the defendant's counsel, that is . . . the price of a bale of hay, plus what he suffered by reason of the breaking of the contract." The plaintiffs contend that the part of the charge last quoted cured any material variance between the charge first quoted and the request for instructions. We do not think such was the intent of the judge, nor the result measured by any probable influence in the deliberations of the jury. The judge in substance told the jury that the request was good law provided they found the defendant repudiated his contract for the reason the hay was not what it was represented as being.

The defendant however had the right to an instruction in substance that the contract could be repudiated by the defendant at any time before delivery of the hay by the plaintiffs; and that the plaintiffs thereupon could not recover the contract price unless it equalled or was less than the damages that resulted to the plaintiffs from the refusal of the defendant to take and pay for the hay at the place of delivery. The wrongful removal of the bale of hay from the car and its destruction without intent to accept the entire shipment in performance of the contract obligated the defendant to pay its value in an action of contract or tort, and did not operate to transfer the title to it or to the hay remaining in the car before the payment of the draft. We think the charge was inconsistent with the request which should have been given in substance.

*Exceptions sustained.*