ISACK W. HEYMAN & others *vs.* P. DeCHRISTOPERO.

Suffolk.   March 17, 1927. — March 23, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Sale,* Delivery, Acceptance.   *Contract,* Construction.

At the trial in a municipal court of an action of contract upon an account annexed for the purchase price of six bars of steel, there was evidence that the defendant gave an order to the plaintiffs for bars of steel, "bill to . . . [defendant], ship to Burrell Street, Melrose, Mass. . . . F. O. B. Melrose"; that on receipt of notice the defendant sent an employee with a truck, who removed one bar of steel and took it to the defendant; that the defendant used about one half of the bar, then went

to the freight station and saw the goods; that no more goods were removed and the defendant refused to receive the balance of the order. The judge found that the goods sent were in conformity with the order and were accepted by the defendant. *Held,* that

(1) The order should not be construed to mean that the goods were to be delivered to the defendant at Burrell Street; it was a compliance with the terms of the order if the goods were delivered f. o. b. at the railroad station in Melrose;

(2) The taking by the defendant of one of the bars of steel and its use by him were in law an acceptance of the entire shipment in conformity to the terms of the contract.

CONTRACT for $204.36 upon an account annexed for the purchase price of six bars of steel. Writ in the Municipal Court of the City of Boston dated October 31, 1925.

Evidence and facts found in the Municipal Court are stated in the opinion. The defendant asked for the following rulings, among others:

"1. That upon all the evidence, the finding of the court be made for the defendant.

"2. The plaintiffs at most are entitled to recover only for the goods actually received by the defendant.

"3. That title to the goods, except those received by the defendant, never passed to the defendant."

"6. That the defendant never accepted part of the goods and title to that part never passed.

"7. That even if the defendant refused to accept the goods without any just cause, the title to the part not accepted did not pass and the defendant is not liable under the declaration, except for the goods actually received and used."

"9. As the goods were not in accordance with the sample, the defendant had the right to refuse to receive them.

"10. That the defendant never expressed by words or conduct his assent to becoming owner of part of the goods.

"11. That the goods did not correspond with the description in the contract of sale, and the defendant had a right to refuse to receive them."

The rulings were refused. The judge found for the plaintiff in the sum of $204.36, and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*C. H. Cronin,* for the defendant.

*W. M. Silverman,* for the plaintiff, submitted a brief.

By the Court. This is an action of contract to recover for steel sold and delivered by the plaintiffs to the defendant. There was evidence tending to show that the defendant gave an order to the plaintiffs for bars of steel, "bill to P. DeChristopero, 38 Glendower Street, Roslindale, Mass., ship to Burrell Street, Melrose, Mass. . . . F.O.B. Melrose"; that on receipt of notice the defendant sent an employee with a truck, who removed one bar of steel and took it to the defendant who used about one half of it; that the defendant then went to the freight station and saw the goods, but no more goods were removed and the defendant refused to receive the balance of the order. The judge found that the goods sent were in conformity with the order and were accepted by the defendant.

There was no error of law in this finding nor in the denial of the defendant's requests for rulings. In view of the facts found, which were supported by the evidence, all those not given were rightly refused.

As a matter of interpretation of the order, it did not mean that the goods were to be delivered by the defendant at Burrell Street. It was a compliance with the terms of the order if the goods were delivered f.o.b. at the railroad station in Melrose.

The taking by the defendant of one of the bars of steel and its use by him were in law an acceptance of the entire shipment in conformity to the terms of the contract. The case is governed by *National Wholesale Grocery Co. Inc.* v. *Mann,* 251 Mass. 238, 249. See G. L. c. 106, § 37. The case at bar is distinguishable from *Pratz* v. *E. L. Fisher & Co. Inc.* 244 Mass. 6.

*Order dismissing the report affirmed.*