KELLER TAILORS TRIMMINGS CO., INC., Appellant, *v.*
BURKE RUGBY, INC., Respondent.

Argued March 9, 1955; decided April 21, 1955.

*Daniel M. Shientag* and *Milton D. Goldman* for appellant. I. Defendant waived notice of the breach of warranty. (*Portfolio* v. *Rubin*, 196 App. Div. 316, 233 N. Y. 439; *Oliver Farm Equipment Sales* v. *Patch*, 134 Kan. 314; *Viking Refrigeration* v. *Farwell*, 180 Miss. 181; *Baker* v. *Nichols Co.*, 10 Okla. 685; *Lewis* v. *Doyle*, 13 App. Div. 291; *Grouse* v. *Wolf*, 4 Misc. 535.) II. The sale was rescinded by the parties. Plaintiff was entitled to resell the merchandise and recover the incidental damages incurred and the balance of the purchase price. III. Plaintiff's damages under the first cause of action for breach of warranty were established by competent, uncontradicted proof.

*Marcus J. Friedman* and *Jacob M. Kornfeld* for respondent. I. Plaintiff did not give notice to defendant of breach of warranty within a reasonable time. II. Defendant at no time waived notice of breach of warranty. (*Portfolio* v. *Rubin*, 196 App. Div. 316, 233 N. Y. 439.)

VAN VOORHIS, J. The complaint has been dismissed after a trial by the court sitting without a jury, in an action brought by a purchaser for breach of warranty of quality in the sale of linen cloth. Judgment has been entered in favor of the defendant-seller upon the ground that neither notice of defects in the goods nor any offer to rescind the sale was presented to the seller within a reasonable time after the purchaser knew or should have known of the breach of warranty. The defects in the cloth were discoverable upon inspection, and were held by the trial court to have been patent upon evidence that they were so. The opinion of the trial court states that it was held " both in fact and in law " that timely notice was not given to the seller. We need not decide whether the complaint should have been dismissed upon the facts or upon the law, inasmuch as the trial court found the facts in favor of the defendant, and the Appellate Division has affirmed. The judgment must be

affirmed in this court unless there were errors of law which would change the result. The question before the Court of Appeals is whether it must be held as matter of law that the seller waived timely notice that this merchandise was defective. The facts on which waiver is claimed are as follows:

In May, 1947, six months after delivery of this merchandise, a conversation occurred between representatives of the buyer, the seller (which is a jobber), and the manufacturer of this linen cloth. Plaintiff-buyer complained of the quality of the goods, and the manufacturer said to send it for examination to the Mutual Adjustment Bureau of the Cloth and Garment Trades, Inc. This bureau reported January 5, 1948 (fourteen months after delivery to plaintiff) that in certain respects the cloth was defective. Thereafter another conversation occurred, in which the manufacturer agreed to replace through seller whatever merchandise plaintiff claimed to be defective. Plaintiff replied that it no longer wanted any of this linen cloth, but wished to have gabardine substituted for the entire shipment. Seller offered to sell gabardine to plaintiff, and to credit upon the purchase price whatever linen cloth of the original shipment might be returned by plaintiff. Plaintiff refused to resolve the controversy on this basis, after examining the varieties of gabardine which seller had in stock, stating that the quality was not satisfactory. That was the extent of the conversations between these parties which the buyer contends constituted waiver of notice of defects or of rescission.

The buyer's (plaintiff-appellant's) contention is, as stated in its brief, that " Where the seller acts on the notice received and undertakes to remedy the defects in the goods sold or receives and accepts the goods or a portion thereof back, he waives all right to assert that the notice or return was defective or not timely." For that reason, it is argued that the judgment appealed from should be reversed upon the law.

At the beginning is the circumstance that, at the time of this alleged waiver, the purchaser of the goods had lost all rights to avail itself of breach of warranty due to the finding of fact that more than a reasonable time had elapsed before giving notice of defects or offering to return the goods. It is, of course, axiomatic that if a seller accepts the return of goods, even after the lapse of a reasonable period of time, it constitutes a rescis-

sion at least to the extent of the merchandise which has been taken back. That is as far as the courts went in *Portfolio* v. *Rubin* (196 App. Div. 316, affd. 233 N. Y. 439). It was there decided that, regardless of whether a purchaser had the right to rescind the sale respecting part of the shipment and to retain the rest of the goods, where a buyer has, in fact, returned a portion of the goods and these have been accepted back by the seller, the seller is precluded from contending that the buyer is liable for all of the goods for the reason that he has elected to retain some of them. The effect of the *Portfolio* decision is that respecting those goods which have been returned and accepted by the seller, the seller cannot be heard to assert either that the contract was entire or that the goods which were accepted in return were not proffered back in time. Where that occurs, it amounts to a kind of novation; part of the goods are received back, whether early or late, by consent of both parties, and by mutual agreement the sale is cancelled *pro tanto* and confirmed regarding the rest. If the goods are all received back, then by mutual consent the sale is cancelled *in toto*. In *Brewster* v. *Wooster* (131 N. Y. 473), the usual principles of law were held not to control where an action is based on a rescission of a contract by a defendant and an acceptance of the rescission by plaintiff. That is not this case. The *Portfolio* case (*supra*) holds, in effect, that where a supplemental agreement is entered into between seller and buyer whereby the seller accepts the return of a portion of the goods, the seller cannot base any cause of action upon the portion of the shipment which it accepted back, even though the goods were accepted back from the buyer at a time when it would have been too late for the latter to have rescinded. The *Portfolio* case does not go so far as to hold that there is a waiver of punctual notice of rescission in respect of goods which are not received back into the seller's possession. It is based more upon the formation of a new agreement than it is upon the performance of the old one.

The most that this record discloses is that the seller through the manufacturer offered to replace goods that were claimed to have been defective. That is a different offer on the part of the seller from acceptance of a rescission proffered by the buyer. In this instance, neither seller nor manufacturer expressed willingness to cancel the sale, either in whole or in part. The seller

merely offered to replace defective merchandise, requiring the buyer to pay according to the existing contract on the same basis as though the substituted merchandise had been included in the original shipment. That was an offer to make a new agreement to modify the original contract in that manner. When the buyer refused the seller's offer to enter into this proposed agreement of modification, the seller's unaccepted offer to do so fell by the wayside and became of no effect. The undisputed evidence is that in response to this offer by the seller, the buyer replied that it did not want any of that kind of goods regardless of their condition, but insisted that the entire transaction be cancelled since he wished to purchase a different kind of material (gabardine) in place of that which had been ordered. When given the opportunity to substitute gabardine, the buyer replied that it was not good enough gabardine. This amounted to a complete rejection of the seller's offer to settle the dispute.

If the offer to rescind had been made within a reasonable time, the buyer would have been entitled to insist upon its rights. The buyer cannot successfully contend, however, that the untimeliness of its demand for rescission was waived by the seller, by acceding to a rescission, whereas the seller did no such thing but insisted upon the contract's being carried out through the substitution of satisfactory goods for those which had proved to be defective. If the buyer had been willing to take the replacements offered by the seller, the effect would have been that the contract would have been performed as thus modified but not rescinded. Of course, if the buyer had punctually given notice and demanded rescission, the seller could not have compelled the buyer to consent to a substitution of defective goods in the absence of a clause in the contract requiring it. Here the seller had been freed from any legal liability due to the buyer's delay in acting. The seller was not obliged to replace defective merchandise, or to cancel the sale or to pay damages. If the seller offered to replace any of the goods, that was an act of grace. The mere circumstance that the seller was willing to overlook the tardiness of the notice of defects and demand for rescission on condition that the buyer accept substituted merchandise, falls short of signifying that the seller voiced an intention to cancel the contract by restoring the parties to their position before it was made.

The incorrectness of appellant's position is demonstrated by that circumstance, i.e., that (under findings of fact which have been made that we cannot disturb) the buyer had lost all remedies by neglecting to give notice of defects under section 130 of the Personal Property Law as a basis of an action for damages, or notice of rescission under subdivision 3 of section 150 as a basis for canceling the sale. Waiver is a term that is generally used in this context in referring to eliminating a condition not yet broken, or more specifically here, a defense not yet arisen (3 Williston on Contracts [Rev. ed.], § 689). It would be more appropriately applied to this situation if the seller had diverted plaintiff from giving early notice by earlier assurances that all would be made good (*Oliver Farm Equipment Sales* v. *Patch,* 134 Kan. 314; *Baker* v. *Nichols & Shepard Co.,* 10 Okla. 685; *Fay & Egan Co.* v. *Cohn & Bros.,* 158 Miss. 733). Here it has been found that no complaints were made by the buyer and no assurances were given by the seller until recourse by the buyer had been barred by these sections of the Personal Property Law. There was no '' new promise '', express or implied, of which the buyer could take advantage (cf. analogy of extending the Statute of Limitations as discussed in *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210, per WERNER, J.; Civ. Prac. Act, § 59).

Waiver is the voluntary relinquishment of a known right (*Davison* v. *Klaess,* 280 N. Y. 252, 261). The seller is deemed to have waived its rights only to the extent that relinquishment is made manifest by what it said or did. The utmost concession which the seller made was by the expression of a willingness to substitute good merchandise for so much of the delivery as had turned out to be bad. That much the seller was willing to concede, regardless of the circumstance that the buyer had lost its rights due to delay in giving notice. The buyer refused to accept the substitutions, and the seller was not willing to do more. The seller would not agree to accept the unconditional return of all of the goods or any of them, and would not take them back unless the buyer received substituted merchandise and paid for all of it at the contract price, or bought gabardine instead. Now the buyer, crying waiver, asserts that the legal effect is the same as though the seller had accepted unconditionally the buyer's belated offer to return all of the merchandise

which was the subject of the sale. That is what the seller at all times refused to do. Waiver, under these circumstances, " is essentially a matter of intention. * * * The evidence must have probative force sufficient to prove that there was in fact an intention to waive the right or benefit — a voluntary choice not to claim it. The acts and language of the party must be given, as evidence, their natural and logical effect under the circumstances of the case " (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 222 N. Y. 34, 37–38).

This appeal does not involve excusing delay in giving notice of defects or demanding rescission in situations where the buyer has been lulled into security during the passage of the critical time by words or conduct of the seller in attempting to repair defective machinery, or in giving other assurances that deficiencies would be made good in consequence whereof the buyer has remained silent during the time when it is claimed at the trial that he ought to have complained. Here the buyer relied upon no act or representation by the seller to the buyer's disadvantage which might have extended the time for the buyer to act. The seller repaired none of the property after delivery, and received nothing back in return. The goods were tendered back upon no terms that were accepted by the seller, nor did the seller ever volunteer to retake or replace anything upon any terms agreeable to the buyer.

The judgment appealed from should be affirmed, with costs.

Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.

Judgment affirmed.