OFGANT-JACKSON CHEVROLET, INC. *vs.* A. JOHN MACQUADE.

Suffolk.   October 10, 1958. — December 2, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, &
CUTTER, JJ.

*Agency*, Scope of authority or employment. *Evidence*, Of agency. *Sale*,
Rescission, Warranty, Contract of sale. *Practice, Civil,* Variance;
Requests, rulings and instructions.

At the trial of an action by a corporation to recover the sale price of used
motor vehicles sold and delivered by the plaintiff to the defendant and
later taken away after the defendant had complained about their
quality, testimony that the plaintiff's sales manager told the defendant
that "it would be all right to turn the vehicles over to" the person who
took them away justified admission in evidence of a receipt for the
vehicles given by that person to the defendant stating that they were
"received . . . for delivery to" the plaintiff. [146]
In an action to recover an alleged balance due on the sale price of sixteen
used automobiles sold and delivered by the plaintiff to the defendant,
evidence that the automobiles were "warranted . . . to be in a sale-
able condition," that the parties agreed they "could be returned if not
as so warranted," and that the plaintiff accepted a return of seven of
the automobiles for credit without question after the defendant had
complained of their quality warranted a finding that a rescission of the
original sale as to the seven automobiles took place and that the de-
fendant was not liable for the price thereof irrespective of whether
there actually was a breach of warranty and whether the defendant
gave seasonable notice of any breach. [147]
In an action to recover an alleged balance due on the contract price of
sixteen used automobiles sold and delivered by the plaintiff to the de-
fendant, there was no variance between a general denial pleaded by
the defendant and proof by him of a partial rescission of the sale by an
accepted return to the plaintiff of seven of the automobiles at prices
aggregating the balance claimed by the plaintiff. [148]
If the buyer under an "entire" contract for the sale and delivery to him
of sixteen used automobiles at a specified price for all in fact returned
seven of them and the seven were unconditionally accepted by the
seller, the seller, regardless of whether the buyer had a right to act as
he did, could not properly contend later that the buyer was liable for
all of the automobiles on the ground that "as a matter of law . . . [he
could not] accept part of an entire contract and reject a part." [148–
149]

There was no error on the part of a judge, who heard an action without a jury and found for the defendant without making specific findings of fact, in denying a ruling requested by the plaintiff which could not have been given in the form presented without limitations and exceptions appropriate to make it reasonably applicable to the action heard. [149–150]

CONTRACT. Writ in the Superior Court dated October 19, 1956.

The action was heard by *O'Connell,* J.

*Samuel B. Mannos,* (*Samuel E. Kaufman* with him,) for the plaintiff.

No argument nor brief for the defendant.

CUTTER, J. This is an action of contract to recover $1,230, the alleged balance due for sixteen used motor vehicles sold and delivered to the defendant, who filed a general denial and pleaded payment. A judge of the Superior Court sitting without a jury found for the defendant without making detailed findings of fact. The plaintiff excepted (a) to the action of the judge in admitting in evidence what purported to be a receipt given to the defendant signed by one McGovern for the delivery to him of seven automobiles to be returned by him to the plaintiff; (b) to the finding for the defendant and the denial of certain requests for rulings; and (c) to the denial of its motion for a new trial.

The bill of exceptions shows that findings of the following facts would have been warranted. The plaintiff sold to the defendant sixteen automobiles for $2,330 on July 31, 1954, "warranted . . . to be in a saleable condition" and requiring "no major repairs," under an agreement "that the cars . . . could be returned if not as so warranted." The automobiles were delivered to the defendant in Sandwich within two days and down payments were made in the aggregate amount of $1,100. "[S]everal months" after the delivery of the automobiles, the defendant orally complained to one Ofgant "about the quality of the vehicles" and Ofgant told the defendant to get in touch with "the salesman who had sold . . . the . . . vehicles and that he would take care of him." On March 4, 1955, McGovern went to Sandwich and

picked up seven of the motor vehicles which were not in saleable condition and gave a receipt therefor. The receipt listed an amount against each vehicle, which in the aggregate came to $1,230, the precise amount of the unpaid balance for which the plaintiff sued. The receipt also stated that the seven vehicles were "received . . . for delivery to Ofgant Jackson Chev. Roxbury, Mass." Before the vehicles were delivered to McGovern, the defendant called by telephone one Gendreau, the plaintiff's sales manager, who advised that "it would be all right to turn the vehicles over to . . . McGovern."

1. The receipt was properly admitted in evidence. The evidence that the plaintiff's sales manager told the defendant that he could properly deliver the seven automobiles to McGovern was, if believed, adequate proof of authority from the plaintiff to McGovern to take delivery of the seven automobiles and to give a receipt. McGovern's own statements are not the sole proof of his authority. Proof of that could be found in the statement of the plaintiff's sales manager, who reasonably by virtue of his position was clothed with authority in relation to sales. See *Sacks* v. *Martin Equip. Co.* 333 Mass. 274, 279–280; Restatement 2d: Agency, §§ 285, 286.

2. The trial judge denied several requests for rulings made by the plaintiff. These are set out in part in the margin.[1]

There was evidence warranting the judge in finding that delivery of the seven vehicles to McGovern, on March 4, 1955, was acceptance by the plaintiff of the return of a part of the vehicles for credit. He could have reached such a conclusion on the basis of the testimony about (a) the conversation between the defendant and Ofgant; (b) the telephone

---

[1] "2. That the evidence does not warrant a finding for the defendant. 3. That there is a variance between the defendant's answer and his proof. . . . 8. That as a matter of law the defendant cannot accept part of an entire contract and reject a part. . . . 9. That the evidence does not warrant a finding that the plaintiff breached [*sic*] any warranty . . . . 10. That the evidence does not warrant a finding that notice of breach of warranty . . . was given . . . within a reasonable time. 11. That as a matter of law notice of a breach of warranty given forty . . . days after a purchase is unreasonable." The judge granted the plaintiff's request numbered 7 that "on all the evidence the parties entered into an entire contract."

conversation between the plaintiff's sales manager and the defendant; and (c) the return of the seven automobiles to McGovern. [1] Whether the defendant could have required the plaintiff to accept return of the seven vehicles (see *National Wholesale Grocery Co. Inc.* v. *Mann,* 251 Mass. 238, 249; *Heyman* v. *DeChristopero,* 259 Mass. 29, 31) became irrelevant if the plaintiff in fact did accept them. The judge could have found on the testimony just mentioned that a partial rescission of the original sale took place without regard to whether there was an actual breach of warranty. *Friedman* v. *Pierce,* 210 Mass. 419, 423. *Ernest E. Fadler Co.* v. *Hesser,* 166 F. 2d 904, 907. (10th Cir.). *Schutz* v. *Tostove,* 191 Minn. 116, and note 106 A. L. R. 703, 706–707. See Williston, Sales (Rev. ed.) §§ 497, 507b, and also §§ 271, 493b. See also *Keller Tailors Trimmings Co. Inc.* v. *Burke Rugby, Inc.* 308 N. Y. 441, 444. Cf. *Jones* v. *Le May-Lieb Corp.* 301 Mass. 133, 134, where a return was not accepted. The evidence here warranting a finding of partial rescission disposes of the exception to the denial of the plaintiff's request numbered 2, for this evidence did warrant a finding for the defendant.

There was no error in refusing request numbered 10 (that the evidence did not warrant a finding that notice of breach of warranty was seasonably given) and request numbered 11 (that, as a matter of law, notice of a breach of warranty given forty days after purchase was unreasonable). The evidence already mentioned as warranting the conclusion that there had been a partial rescission also would warrant the judge in finding that the plaintiff either (1) had treated any notices given as seasonable, or (2) had waived, or regarded as irrelevant, more prompt notice of any breach of warranty. Cf. *Monroe Auto Equip. Co.* v. *Bloom,* 326 Mass. 65, 67, where no such evidence was present. Request num-

---

[1] That there had been such acceptance is given support by the fact that nothing in the record suggests that the plaintiff ever gave to the defendant the slightest indication that the plaintiff did not acquiesce in the return of the vehicles during the year and three quarters which intervened between the delivery of the vehicles to McGovern on March 4, 1955, and the commencement of this action on December 3, 1956.

bered 9 was properly denied because the defendant's testimony that the seven automobiles returned to the plaintiff were not in saleable condition sufficiently tended to show a breach of warranty by the plaintiff.

The judge could not rule (see request numbered 3) that there was "a variance between the defendant's answer and his proof." If the judge found that there had been a partial rescission of the original sale, the plaintiff could not "recover the entire contract price" for it could recover only on the contract as modified. *Friedman* v. *Pierce,* 210 Mass. 419, 423. See *Keller Tailors Trimmings Co. Inc.* v. *Burke Rugby, Inc.* 308 N. Y. 441, 444. The modification of the original contract by a partial rescission could be shown under a general denial to prove that the contract, as of the date of the writ, was not what the plaintiff alleged it to be.

The plaintiff contends that the defendant is bound by testimony "that he agreed to pay an average of $150 for each . . . vehicle." Since the total price of sixteen vehicles at $150 each would amount to $2,400 and the plaintiff itself alleged that the total price was $2,330, it seems reasonably plain that the defendant's testimony, properly construed, meant nothing more than that the aggregate of the separate prices which he agreed to pay for the sixteen vehicles came to an average of approximately $150 per vehicle. This is supported by the receipt given by McGovern which showed a separate, nonuniform price set against each vehicle. It was open to the judge to find that the return of the seven vehicles was accepted at the prices set against the several vehicles in the receipt.

There was no error in the denial (plaintiff's request numbered 8) of a ruling that the defendant could not accept a part and reject a part of an "entire" contract, which the judge, by granting the plaintiff's request numbered 7, had ruled this contract to be. It is not necessary to determine whether G. L. c. 106, §§ 58 (1) (c), (1) (d), (3), and 65 (definition of "divisible contract"),[1] would have permitted a

---

[1] Cf. the Uniform Commercial Code, effective October 1, 1958, enacted by St. 1957, c. 765, §§ 1, 21, especially the provisions now found in G. L. c. 106, §§ 2 - 601, 2 - 608.

buyer, under even an "entire" contract, as of right to "accept the goods which are correct and reject those which are defective" in cases where "the price of the portion of the goods taken can be determined by computation." See Williston, Sales (Rev. ed.) § 493b, and also § 493. See also discussions in 38 Harv. L. Rev. 988; 41 Harv. L. Rev. 406; 35 Col. L. Rev. 726. Here the only action possibly constituting a rejection shown by the evidence was the delivery on March 4, 1955, of seven of the automobiles to McGovern for the plaintiff. If the trial judge found that delivery to have been made and accepted, the situation would be governed by what was said in *Keller Tailors Trimmings Co. Inc.* v. *Burke Rugby, Inc.* 308 N. Y. 441, 443–444, to the effect that regardless of "whether a purchaser had the right to rescind the sale respecting part of the shipment and to retain the rest of the goods, where a buyer has, in fact, returned a portion of the goods and these have been accepted back by the seller, the seller is precluded from contending that the buyer is liable for all of the goods for the reason that he has elected to retain some of them."

It would have been appropriate for the judge to make explicit findings of the facts relied upon by him in denying request numbered 8. *Bresnick* v. *Heath,* 292 Mass. 293, 298–299. *Simons* v. *Murray Realty, Inc.* 330 Mass. 194, 195, 198. Cf. *Commonwealth* v. *Hull,* 296 Mass. 327, 336. Cf. also *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93; *Perry* v. *Hanover,* 314 Mass. 167, 174–175. However, even without such findings, it is plain that, on the issues raised by this record, request numbered 8 was incomplete. It may be that this request expressed a correct principle of abstract law in other circumstances. See *National Wholesale Grocery Co. Inc.* v. *Mann,* 251 Mass. 238, 249; *Heyman* v. *DeChristopero,* 259 Mass. 29, 31. Cf. *Orr Felt & Blanket Co.* v. *Sherwin Wool Co.* 248 Mass. 553, 556–557. It could not have been given here, in the form presented, without limitations and exceptions appropriate to make it reasonably applicable to the present case, including the accepted return of the seven vehicles by the defendant which could be found on the evi-

dence to have taken place. See *Coyne* v. *Arlington,* 327 Mass. 233, 235. See also *Katzeff* v. *Goldman,* 248 Mass. 365, 368.

3. The plaintiff's motion for a new trial raises no question not already dealt with above. There was no error in denying the motion.

*Exceptions overruled.*