Arthur Wachtel, J.
The plaintiff agreed to die cut and fold cardboards supplied by the defendant at $5 per thousand, according to samples prepared by the plaintiff and approved by the defendant. About 2,500,000 pieces of cardboard were die cut and folded from February, 1958 to May 22, 1958. Deliveries were made to the defendant and the defendant made payments on account from time to time. However, the last deliveries for the period May 2 to May 22, comprising 425,000 pieces of cardboard were not paid. Plaintiff claims $2,127.50 for these deliveries and gives the defendant credit for $132.50 for a payment made on July 3, 1958, leaving a balance due of $1,995, for which plaintiff now sues. Defendant claims that commencing March, 1958 it discovered a number of defectively cut boards in certain cartons, and that there were set aside a total of 1,605 cartons wherein the defective pieces had been found. The defendant contended that the operation of its business made it impractical to check each piece and it was impossible to state precisely how many pieces were defective. In any event, no cartons were actually returned nor did the defendant offer to return any of the rejected cartons until July 3, when the defendant returned to the plaintiff 236 cartons, containing a total of 62,540 boards. Plaintiff agreed to recut the boards set aside by the defendant, without cost to the defendant, and made up 10 cartons of recut boards which were approved by the defendant. However, plaintiff refused to recut any more *333 boards by reason of defendant’s refusal to pay the balance due upon the outstanding account as of May 22. Prior to July 3, defendant had made payments on account, to wit, May 2, $856,25; May 9, $736; May 16, $651; after May 22, and on May 28, $600; and as late as June 27, $243, and on July 3, $132.50.
The defendant’s remedies are controlled by section 150 of the Personal Property Law. It could have rescinded the sale in March when the defects were first discovered, but it failed to return or offer to return any portion of the boards until July 3. The court finds that there was a rescission pro tambo of the 62,540 boards (Portfolio v. Rubin, 196 App. Div. 316, affd. 233 N. Y. 439) but there was no rescission as to the remainder of the alleged defective boards (Keller Tailors Trimming Co. v. Burke Rugby Inc. 308 N. Y. 441). Defendant is limited to its claim of damages for breach of warranty; however, its claim is not supported by sufficient proof of damages. On defendant’s own testimony the court can do no more than speculate. Any determination based on surmise is improper.
Accordingly, judgment for the plaintiff for $1,990 less 62,540 boards at $5 per thousand or $314.70 or a balance of $1,675.30. Counterclaim dismissed.