■ VINCENT DI STEFANO et al., Respondents, v PSFB ASSOCIATES et al., Appellants, and PINE SHADE BUILDERS, INC., Respondent. — In an action, *inter alia*, for specific performance of a contract to convey real property, defendants PSFB Associates, FSB Properties, Inc., and Flushing Savings Bank appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), dated August 5, 1983, which, among other things, granted preliminary injunctive relief to defendant Pine Shade Builders, Inc. ¶ Order and judgment modified, on the law, by deleting the eleventh, twelfth, thirteenth, fourteenth and fifteenth decretal paragraphs thereof and substituting therefor a provision denying preliminary injunctive relief. As so modified, order and judgment affirmed insofar as appealed from, without costs or disbursements. ¶ This dispute pertains to efforts to develop two parcels of real estate in Rockland County referred to by the parties as the Weiner subdivision and the Millcreek subdivision. In 1977, FSB Properties, Inc., and Pine Shade Builders, Inc., entered into a joint venture (PSFB) for the development and sale of the Weiner subdivision. The Flushing Savings Bank held mortgages on 18 individual lots in this subdivision, obligating itself to lend a total of $1,060,000. Sums were advanced to fund construction of homes on each of the 18 lots; the proceeds of the sales were to constitute joint venture assets. ¶ Pursuant to this agreement PSFB executed a building loan agreement with the bank covering lots on which the bank had issued mortgages. The bank and FSB contended that Pine Shade had breached the agreement by constructing dwellings on only four lots. FSB argued that the bank advanced $974,975 to PSFB but received repayment of only $168,972.50 from three sales leaving a balance owed the bank of $806,002.50 in principal plus over $300,000 in interest. ¶ FSB and Pine Shade also embarked upon a similar joint venture to develop the Millcreek subdivision despite the lack of an executed joint venture agreement. FSB stated that the Flushing Savings Bank loaned approximately 1.3 million dollars pursuant to various financing agreements but contended that Pine Shade built only 11 houses out of the 25 it was obligated to construct. Thus it was claimed that the bank was owed $621,488 in principal and $279,473 in interest on this project. ¶ In contrast, Pine Shade contended that as a result of the bank's financial and regulatory problems with the Federal Deposit Insurance Corporation and the State Banking Commission, the bank and FSB were intent on pulling back

from their financial commitments. Thus, on May 15, 1980, Flushing Savings Bank advised Pine Shade to stop all work. At this point, only four homes had been built on the Weiner property. The bank then agreed to allow for piece-meal financing, and provided only $800,000 out of the $1,200,000 it was committed to provide. In December of 1981 the bank announced that it wanted to completely abandon the project and all payments ceased a month later. Pine Shade alleged that FSB failed to pay Pine Shade a $6,000 per month management fee. ¶ In addition, Pine Shade contended that it had originally been agreed that as closings were held, the money was to go into an account for the benefit of the joint venture. $52,500 of the proceeds from the sale of each house upon which title was closed would be used to pay Flushing Savings Bank in reduction of moneys advanced for construction. Instead, FSB diverted to the bank an additional $150,000 out of the proceeds obtained from the four most recent house sales. Pine Shade further accused the bank of using one Alan Yassky to complete various punch list items. Without a preliminary injunction to maintain the status quo, Pine Shade argued, they would be cut out of the joint venture. ¶ Special Term granted Pine Shade the following preliminary injunctive relief: ¶ (1) the proceeds of the sale of any real property owned or developed by PSFB are to be placed in a joint account for the benefit of FSB and Pine Shade (with neither party having access without court order); ¶ (2) with respect to the Weiner project, FSB is restrained from transferring title, sale or tender of a deed containing the signatures of the bank or FSB to any real property owned or developed by PSFB without the actual consent of FSB and Pine Shade; and ¶ (3) FSB is restrained from proceeding further with con-struction on the Weiner project or from engaging a third party to do so. ¶ Injunctive relief is inappropriate in this case, and thus we modify Special Term's determination accordingly. ¶ In order to establish entitlement to a preliminary injunction, the movant must demonstrate the following require-ments: (1) the likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities in its favor (*Grant Co. v Srogi*, 52 NY2d 496; *Albini v Solork Assoc.*, 37 AD2d 835). ¶ In the case at bar, Pine Shade has failed to establish that irreparable injury would result if the injunction were not granted. Pine Shade's claims sound in breach of contract. Should it prevail, it could be fully compensated by money damages representing lost profits and management fees (see *Haulage Enter-prises Corp. v Hempstead Resources Recovery Corp.*, 74 AD2d 863). ¶ Nor do we find that the parties agreed to injunctive relief. The joint venture agreement with regard to the Weiner subdivision, signed by both FSB and Pine Shade, provides that "if there shall be any dispute concerning the sale or other disposition of an interest in the Joint Venture or of any Joint Venturer, an injunction may be issued". ¶ As this is a breach of contract dispute, with FSB and Pine Shade each alleging that the other has failed to live up to its contractual obligations, it is not a dispute "concerning the sale or other disposition of an interest in the Joint Venture". In any event, as the parties never signed the joint venture agreement with respect to the Millcreek subdivision we cannot conclude, based upon the limited facts and conflicting affidavits presented on these motions, that the parties are bound by the provisions of this unsigned contract (cf. *Newburger v American Sur. Co.*, 242 NY 134). ¶ We further note that Special Term properly awarded other relief to the plaintiffs as set forth in the order and judgment insofar as appealed from. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.