■ MR. DEES STORES, INC., Appellant, v A.J. PARKER, INC., Respondent.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about October 4, 1989, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs or disbursements.

Plaintiff sublet a portion of its leased premises to defendant. Plaintiff operated a clothing store and defendant operated a drug store. The sublease contained a restrictive covenant not to compete with plaintiff's business and, in an executed option agreement, defendant also agreed not to negotiate directly with plaintiff's landlord. After defendant's sublease expired, and because plaintiff was unable to renegotiate a lease with the landlord, defendant commenced its own negotiations with the landlord, upon the landlord's agent's advice. Defendant alleged that it only elected to act upon the landlord's advice so as not to suffer an interruption of business and loss of jobs.

Plaintiff's motion for a preliminary injunction enjoining defendant, its officers, family members and assignees from negotiating or attempting to negotiate a lease or sublease with the landlord with respect to the subject premises was properly denied by the Supreme Court. It is well established that preliminary injunctive relief is a drastic remedy which will not be granted without a clear showing by the movant that (1) he is likely to succeed on the merits; (2) he will be irreparably harmed without the issuance of the injunction; and (3) the balance of the equities favors him. *(See, Grant Co. v Srogi,* 52 NY2d 496.)* Assuming plaintiff was to prevail on the merits, there has been no showing that it could not be adequately compensated by money damages. *(See, Multi Media Entertainment v National Telefilm Assocs.,* 58 AD2d 785.)* Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.