■ AMERICAN BUILDING MAINTENANCE CO. OF NEW YORK, INC., Respondent, v SOLOW MANAGEMENT CORPORATION, Appellant. [776 NYS2d 267]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 28, 2003, after a jury trial, in favor of plaintiff maintenance company and against defendant building owner in the principal amount of $1,946,585.29, unanimously affirmed, with costs.

At issue is the interpretation of the escalation clause, paragraph 23, contained in three identical 1987 contracts assumed by plaintiff in 1997 and calling for the provision of janitorial services to three of defendant's buildings. Each contract contains a schedule of the "actual current costs to perform this Contract for the year 1987." The schedule is used to derive the cost of providing cleaning services based on the staffing required to clean the specified building at 100% occupancy, with the actual price to defendant then determined by applying a vacancy allowance to the total. The schedule contains two types of expenses: supplies and uniforms, as to which there is no dispute, and labor, i.e., wages, vacation, health and pension benefits, taxes and contributions, as to which defendant argues that plaintiff should have been required to submit its actual payroll expenses to defendant in order to justify any increase in the amount billed over the 1987 rate. Plaintiff argues that its cost increases were to be calculated from the increase in wages and benefits under the collective bargaining agreements governing its employees. Paragraph 23 provides that upon plaintiff's

submission of "proof satisfactory to [defendant] that [plaintiff's] actual costs in any year after 1987 have increased over the Current Costs then [plaintiff] shall be entitled to receive an increase in compensation under this contract for such year after 1987 equal to [plaintiff's] actual increase in costs . . . ."

Although both parties insisted that the contract is clear and unambiguous, the trial court submitted the case to the jury. While we find that the contract is clear and unambiguous, the jury reached the correct result, and we accordingly affirm.

Defendant's contention that the annual escalation should reflect actual payroll costs is undermined by the contract's opening paragraph. It provides that the intent of the agreement is to keep the subject building clean, and that if plaintiff fails to meet the contract's specifications for cleanliness then plaintiff "will be required to increase his [sic] staff or take whatever measures are required to comply with the specifications at [plaintiff's] sole cost." It is therefore clear that the contract limits the price to defendant by setting a reasonable staffing level for each building, a consideration that would be subverted if any and all increases in plaintiff's labor costs could be passed along to defendant. Taking into account the parties' reasonable expectations and the sound business purpose to be served by their contract (see Uribe v Merchants Bank, 91 NY2d 336, 341 [1998]), defendant's interpretation is untenable because it fails to give effect to the contract provision intended to protect it against price increases attributable to staffing (see Ruttenberg v Davidge Data Sys. Corp., 215 AD2d 191, 196 [1995]). If plaintiff were to receive compensation for any and all increases in its labor costs, it would have had no incentive to utilize employees efficiently. Moreover, defendant fails to explain why the annual change in payroll-related expenditures reflected by wage and benefit increases under the pertinent collective bargaining agreements does not accurately reflect plaintiff's actual increase in labor costs.

We have considered defendant's other contentions and find them unavailing. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.