■ BFP 245 Park Co., LLC, Appellant, v GMAC Commercial Mortgage Corporation et al., Respondents. [786 NYS2d 425]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 18, 2004, which, to the extent appealed from, granted defendants' motion for summary judgment to the extent of dismissing the complaint and granting partial summary judgment on their first counterclaim, denied plaintiff's cross motion for summary judgment, and declared that plaintiff was obligated to obtain additional terrorism coverage and that defendants had properly obtained such coverage at plaintiff's expense, unanimously affirmed, with costs.

In February 2001, plaintiff obtained a mortgage for a commercial building near Grand Central Terminal, in connection with a $500 million loan on a building estimated to be worth a substantially greater amount. Under the mortgage agreement, plaintiff was obligated to obtain and maintain insurance for the property against "any peril now or hereafter included within the classification 'All Risk' or 'Special Perils,' in each case . . . in an amount equal to [100%] of the 'Full Replacement Cost.' " A separate provision obligated plaintiff to obtain "such other insurance . . . as Lender from time to time may reasonably request against such other insurable hazards which at the time are commonly insured against" for other comparable properties in Manhattan. The lender was entitled to protect its interest by obtaining, without notice to plaintiff, such insurance coverage as "in its reasonable discretion" it deemed appropriate consistent with the mortgage agreement, at plaintiff's expense. Plaintiff, as borrower, would be responsible for the lender's legal fees and costs incurred in protecting the lender's interest in the property "upon the occurrence and during the continuance of an Event of Default."

The motion court properly interpreted the unambiguous mortgage agreement, as a matter of law, in requiring that plaintiff obtain terrorism coverage under either the "all risks" provision or the "other insurance" provision. In this regard, the court aptly distinguished the "all risks" provision here, whose "now or hereafter" language contemplated a flexible obligation subject to change as the marketplace recognized new insurable risks, from that in *Omni Berkshire Corp. v Wells Fargo Bank, N.A.* (307 F Supp 2d 534 [SD NY 2004]), which lacked such language. Contrary to plaintiff's contention, the existence of the

"other insurance" provision did not render the "all risks" provision meaningless under the foregoing interpretation (*see e.g. American Bldg. Maintenance Co. of N.Y., Inc. v Solow Mgt. Corp.*, 7 AD3d 331 [2004]), since, as the motion court noted, the "other insurance" provision also applied to other types of insurance required under the mortgage agreement. Nor is our decision in *Four Times Sq. Assoc., L.L.C. v Cigna Invs., Inc.* (306 AD2d 4 [2003]), in which we preliminarily enjoined a forced placement of terrorism coverage, to the contrary, since all that was necessary in that case was that there be a prima facie likelihood of success on the merits and we expressly stated that the contractual rights of the parties were not being determined. In any event, it is settled law that the determination on a preliminary injunction lacks preclusive effect (*see Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312, 314 [2004]).

Although the lender's position was justified on the basis of the "all risks" provision alone, plaintiff was also obligated to procure the additional coverage requested by the lender based on the "other insurance" provision. The lender's request for terrorism coverage in addition to that already obtained by plaintiff was not unreasonable since it had a sufficient basis, notwithstanding the possible flaws in the coverage ultimately obtained by the lender, the lesser demands by other lenders and the high cost of such coverage. Absent the requisite conditional language (*see Oppenheimer & Co., Inc. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]), it was not a condition precedent to the lender's right to request other insurance for it to show that such coverage was for a risk "commonly insured against." On these motions, the lender did demonstrate that the risk was "commonly" insured against; it was not necessary that the risk be universally insured against, so plaintiff's demonstration that some buildings in Manhattan did not have terrorism coverage was not dispositive on this issue.

Summary judgment dismissal of defendant's counterclaim for legal fees was properly denied in the absence of a "clear manifestation" that the lender intended to waive its contractual right to such fees (*see Courtney-Clarke v Rizzoli Intl. Publs.*, 251 AD2d 13, 13 [1998]). While the lender had agreed that it would not declare plaintiff in default and that its notice of default was deemed withdrawn for all purposes, the existence of an event of default differs from the lender's declaration of a default by giving notice for the purpose of triggering its right to certain remedies.

We have considered plaintiff's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Friedman and Catterson, JJ.