| |
|---|
| **HyAxiom, Inc. v ClearCell Power, Inc.** |
| 2025 NY Slip Op 32088(U) |
| June 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655445/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

HYAXIOM, INC.,

                             Plaintiff,

                         - v -

CLEARCELL POWER, INC., ALINA MEZHIBOVSKY,
VICTOR MEZHIBOVSKY, VM POWER INC., and JP
MORGAN CHASE BANK, N.A.,

                           Defendants.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655445/2024 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 32, 36, 37, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 88, 91, 94, 107, 109

were read on this motion to/for           INJUNCTION/RESTRAINING ORDER        .

In motion sequence 001, plaintiff HyAxiom Inc. (HyAxiom) seeks payment from

defendant ClearCell Power, Inc. (ClearCell) which was allegedly paid in full by

defendant JP Morgan Chase Bank, N.A. (JPMC) for HyAxiom's work on JPMC's

Metrotech project at 140 Myrtle Ave, Brooklyn, NY (Metrotech).  HyAxiom moves "for

interim relief under Lien Law § 77 as follows:

    a.  Pursuant to Lien Law § 77(3)(a)(i), compelling ClearCell to produce an accounting and all records forming the basis thereof for all Lien Law Art 3- A trust funds related to the Metrotech Project;

    b.  Pursuant to Lien Law § 77(3)(a)(iv), terminating the authority of ClearCell to make any further disbursements of trust assets related to the Metrotech Project without authorization of the Court;

    c.  Pursuant to Lien Law § 77(3)(a)(v), requiring ClearCell to produce a bond or other equivalent security in the amount of $1,993,485, to ensure proper distribution of trust assets related to the Metrotech Project; or

    d.  Pursuant to Lien Law § 77(3)(a)(vi), requiring ClearCell to deposit $1,993,485, in trust assets related to the Metrotech Project into an escrow account outside of

[* 1]

their control for future distribution." (NYSCEF Doc. No. [NYSCEF] 36, Order to Show Cause at 2 [mot. seq. no. 001].)[1]

Hyaxiom also moves pursuant to CPLR 6301 for an injunction restraining defendants "ClearCell, Alina Mezhibovsky [Alina], Victor Mezhibovsky [Victor] and VM Power, Inc. [VM Power], to immediately account for the $2,037,000, in trust funds paid to VM Power, Inc., and to restrain ClearCell, Alina Mezhibovsky, Victor Mezhibovsky and/or VM Power, Inc., from depleting or moving any and all Metrotech Project funds without permission of the Court." (*Id.*) According to HyAxiom and JPMC, VM Power is a corporation owned by Alina and Victor which provided no labor or material to Metrotech. (NYSCEF 2, Complaint ¶¶ 7, 14, 18, 26, 47, 48.)

The court issued a TRO pending this decision enjoining ClearCell "from making any withdrawals or disbursements of Lien Law Art. 3-A trust funds received in relation" to the Metrotech Project. (NYSCEF 36, Order to Show Cause.) However, ClearCell claims it has no funds as it was terminated by JPMC.

In this action, HyAxiom seeks damages in the amount of $6,646,208 for breach of contract arising from ClearCell's failure to pay HyAxiom the balance on a contract pursuant to which Hyaxiom was to provide fuel cells to JPMC's construction projects[2]. (NYSCEF 2, Complaint ¶112.)

---

[1] This motion was restored to the calendar after the SDNY remanded defendants' removal. (NYSCEF 29, Notice of Removal; NYSCEF 34, SDNY Remand Decision.) Hyaxiom shall correct NYSCEF 12 to 26 by connecting those documents to motion sequence 001.

[2] JPMC's construction projects are located at 4 Chase MetroTech Center - 140 Myrtle Ave, Brooklyn, NY [Metrotech], 575 Washington Blvd., Jersey City, NJ [NOC 5], 800 Powder Mill Road, Wilmington, DE 19803 [DTC], and 1& 3 Christiana Center, 201 North Walnut Street, Wilmington, DE 19801 [Christiana]. (NYSCEF 2, Complaint ¶ 9.)

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**
**Motion No.  001**

**Page 2 of 8**

Interim relief under Lien Law § 77

At issue on this motion is JPMC's project at Metrotech for which HyAxiom claims to be owed $1,993,485 out of the total contract price of $9,290,000.[3]  (*See* NYSCEF 3, Purchase Order at 2.)  Lien Law §77(1) and (3)(a) allow a beneficiary with a trust claim to enforce the trust by bringing an action for relief including interim relief.  "[P]roof of a diversion of trust funds is not a condition precedent to an action for an accounting and other relief under Lien Law article 3-A."  (*Wildman & Bernhardt Constr., Inc. v BPM Assocs., LP*, 273 AD2d 38, 38 [1st Dept 2000].)  Lien Law §76(1) provides beneficiaries with information rights "to examine the books or records of the trustee with respect to the trust" and, "at the beneficiary's option to receive a verified statement setting forth the entries with respect to the trust contained in such books and records."  Lien Law § 75(4) provides that "[f]ailure of the trustee to keep the books and records required by this section shall be presumptive evidence" that the trustee has misused the trust funds. (*See also* Lien Law § 79-a[3] ["Failure of the trustee to keep the books or records required by section seventy-five shall be presumptive evidence that the trustee has applied or consented to the application of trust funds received by him as money or an instrument for the payment of money for purposes other than a purpose of the trust."].)

In support of this motion, HyAxiom and JPMC rely on this court's decision in a related action (Guth Action)[4] initiated by ClearCell against contractor Guth DeConzo Construction Management Inc. (Guth).  ClearCell retained Guth to perform all

---

[3] HyAxiom fails to explain how it calculated the $1,993,485 figure.  Rather, the difference between the contract amount ($9,290,000) and the amount ClearCell admittedly paid HyAxiom ($7,470,088.29) is $1,819,911.71.

[4] The Related action *is ClearCell Power, Inc. v Guth DeConzo Construction Management, Inc.*, New York County (Index No. 653266/2023).

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**                    **Page 3 of 8**
   **Motion No.  001**

[* 3]

engineering and construction work to install the fuel cells provided by HyAxiom. (Guth Action, NYSCEF 7, Answer ¶ 8.) As to Metrotech, Guth counterclaimed against ClearCell for failure to pay Guth the balance due on its construction contract in the amount of $2,700,000. (Guth Action, NYSCEF 7, Answer ¶¶ 92, 116.) Guth made a Demand on ClearCell for a Verified Statement pursuant to New York Lien Law §76. (Guth Action, NYSCEF 20, Demand for Verified Statement.) In ClearCell's November 2, 2023 response, Alina certified that JPMC paid ClearCell $18,135,011.23 for Metrotech. (Guth Action, NYSCEF 26, Verified Statement[5].) Alina also certified that ClearCell paid $12,302,130.83 to Guth and other entities for Metrotech. (*Id.*). On January 5, 2024, ClearCell submitted a Revised Verified Statement (2024 Statement) which shows a $55,835.55 balance in the trust fund. (Guth Action, NYSCEF 51, Revised Verified Statement[6].) Based on ClearCell's conflicting responses, on January 28, 2024, the court directed ClearCell to account for Lien Law Art 3-A trust funds and produce all records for all Lien Law Art 3-A trust funds related to Metrotech . (Guth Action, NYSCEF 72, Decision and Order; Guth Action, NYSCEF 59, JPMC's Response to Subpoena at 25, 30.) The court also enjoined ClearCell's authority to make disbursements of trust funds without court authorization and to obtain a bond for $5,832,8825, the difference between the amount JPMC paid to ClearCell and the amount ClearCell paid out for Metrotech according to ClearCell's November 2, 2023 Verified Statement. (Guth Action, NYSCEF 72, Decision and Order; *see* Guth Action, NYSCEF 26, Verified Statement .) Finally, the court directed ClearCell to account for

---

[5] NYSCEF 26 in the Guth Action is refiled in this action as NYSCEF 14.
[6] NYSCEF 51 in the Guth Action is refiled in this action as NYSCEF 15.

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**                **Page 4 of 8**
  Motion No.  001

4 of 8

[* 4]

$2,037,000, the allegedly diverted trust funds that ClearCell paid to VM Power. (Guth Action, NYSCEF 72, Decision and Order .) Guth and ClearCell subsequently settled for $1,969,296.06. (Guth Action, NYSCEF 81, Settlement Agreement.) Accordingly, ClearCell never accounted or otherwise complied with the court's order.

HyAxiom's reliance on the Guth Action is misplaced because the preliminary injunction in that action has no collateral estoppel effect here. (*Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312, 314 [1st Dept 2004] ["[T]he grant or denial of a request for a preliminary injunction, a provisional remedy designed for the narrow purpose of maintaining the status quo, is not an adjudication on the merits and will not be given res judicata effect."].) Further, the dispute in the Guth Action was whether Metrotech was 50% complete or not for which Guth was due payment and for which it submitted a payment application. (Guth Action, NYSCEF 66, Sposato aff ¶6.) Here, there is no outstanding payment request or contract provision upon which HyAxiom relies for payment. Rather, HyAxiom appears to seek the balance due on the contract alleging an initial breach by ClearCell. Regardless, there is a dispute as to whether HyAxiom performed, a necessary requirement for a breach of contract claim. (*Harris v Seward Park Hous. Corp.,* 79 AD3d 425, 426 [1st Dept 2010] [The elements of breach of contract claim include "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages."].) )

Nonetheless, ClearCell admits that (1) "Project monies yet to be received from JPMC, Plaintiff constitutes a Trust Asset Payable as related thereto" and (2) "Clearcell is not denying Plaintiff is owed monies." (NYSCEF 62, ClearCell Memorandum of Law in Opposition at 19.) Moreover, ClearCell admits that it has $55,835.55 in trust funds

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**
**Motion No.  001**

**Page 5 of 8**

5 of 8

without any explanation as to whom it is owed which indicates to the court that ClearCell's books and records are not being kept properly. (*See* NYSCEF 15, Revised Verified Statement.) In addition, ClearCell is not clear as to how much it has been paid by JPMC and JPMC alleges that it paid ClearCell an entirely different amount. (NYSCEF 14, Verified Statement; NYSCEF 15, Revised Verified Statement; NYSCEF 35, JPMC Answer and Crossclaims.) Lastly, ClearCell's additional expenses in the 2024 Statement are not allowed under the Lien Law because they are vague e.g. $736,757 for anonymous employees. (NYSCEF 15, Revised Verified Statement at 9; *See* Lien Law §71[2].) Accordingly, HyAxiom is entitled to some relief sought under Article 77 as a trust beneficiary entitled to information. (Lien Law §76[1].)

Injunction

As previously stated, HyAxiom seeks an injunction regarding the funds that ClearCell allegedly paid to VM Power in the amount of $2,037,000. HyAxiom asserts that there is a "clear" diversion of trust funds based on the Guth Action .

> "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual." (CPLR 6301.)

To obtain a preliminary injunction, a movant must establish: "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor." (*Doe v Axelrod*, 73 NY2d 748, 750 [1988] [citation omitted].)

JPMC joins this motion to the extent that it seeks a preliminary injunction enjoining the $2,037,000 allegedly diverted to VM Power. JPMC asserts crossclaims against ClearCell, Alina, Victor, and VM Power for diversion alleging that Alina and

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**
**Motion No.  001**

**Page 6 of 8**

Victor siphoned funds for personal use from the funds JPMC paid ClearCell for delivering and installing eleven fuel cells at five JPMC's sites in New York, New Jersey, and Delaware, including Metrotech. (NYSCEF 35, JPMC Answer and Crossclaims ¶ 179.) On February 12, 2024, JPMC terminated ClearCell when ClearCell allegedly stopped paying contractors. (*Id.* ¶¶ 4, 56.) By that time, JPMC alleges that it had paid ClearCell $18,149,109. (*Id.* ¶ 42.) JPMC's reliance on its answer with counterclaims, verified by its attorney, not a person with knowledge, without any documentary proof, is insufficient to satisfy the requirements for a preliminary injunction requiring a bond or a deposit of funds in escrow.

It is undisputed that JPMC terminated ClearCell before conclusion of Metrotech. Indeed, JPMC alleges that certain milestones remain unpaid including installed fuel cells, mechanical completion of the fuel cells, and substantial completion. (NYSCEF 35, JPMC Answer andCrossclaims ¶ 95.) JPMC alleges that it paid ClearCell $18,149, 109 (NYSCEF 35, JPMC Answer and Crossclaims ¶ 42), but ClearCell has verified that JPMC paid $18,135,011.23 (NYSCEF 14, Verified Statement) and/or $17,397,711.26 (NYSCEF 15, Revised Verified Statement.) While JPMC has established a discrepancy, it has not established a diversion.

As to HyAxiom, to have standing to challenge the alleged diversion, it must be owed something. As discussed above, ClearCell has admitted that HyAxiom is owed something, but disputes the amount. Accordingly, HyAxiom would be affected by any diversion, but HyAxiom has not established the likelihood of success that payments to VM Power are a diversion. Therefore, HyAxiom has not established likelihood of

655445/2024  **HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**
Motion No.  001

**Page 7 of 8**

[* 7]

7 of 8

success as to the funds allegedly diverted by defendants and the motion for a

preliminary injunction is denied.

Accordingly, it is

ORDERED that pursuant to Lien Law § 77(3)(a)(i), ClearCell shall produce an accounting and all records forming the basis thereof for all Lien Law Art 3- A trust funds related Metrotech within 30 days of this Decision and Order; and it is further

ORDERED that pursuant to Lien Law § 77(3)(a)(iv), ClearCell's authority to make any disbursements of trust assets related to Metrotech is stayed pending the outcome of this action; and it is further

ORDERED that pursuant to Lien Law § 77(3)(a)(v), HyAxiom's request requiring ClearCell to obtain a bond or other equivalent security in the amount of $55,000 to ensure proper distribution of trust assets related to Metrotech is granted; and it is further

ORDERED that pursuant to Lien Law § 77(3)(a)(vi), HyAxiom's alternate request requiring ClearCell to deposit $1,993,485, in trust assets related to the Metrotech into an escrow account outside of their control for future distribution is denied as redundant; and it is further

ORDERED that the parties shall exchange initial disclosures consistent with Part 48 procedures within 30 days of this Decision and Order; and it is further

ORDERED that the request for a preliminary injunction directing defendants ClearCell, Alina, Victor, and VM Powerto account for the $2,037,000in trust funds paid to VM Poweris denied without prejudice.

2025061120301AMASLEYC307504C43094183908A9179ACC6B4BF

| | |
|---|---|
| **6/11/2025** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655445/2024   HYAXIOM, INC. vs. CLEARCELL POWER, INC. ET AL**                                      **Page 8 of 8**
**Motion No.  001**

8 of 8

[* 8]